## John E. Hodgkins *vs.* Henry W. Moulton.

In an action on a promissory note, proof that the defendant made it to the plaintiff upon the plaintiff's promise that the defendant might collect the amount of it from a third person in payment for property which such person was to buy from the plaintiff, and should not be liable on it if he could not make that collection; that he has been unable to make the collection; and that the third person has since become bankrupt; will not sustain a defence of want of consideration.

Colt, J. The plaintiff seeks to recover the balance due on a negotiable promissory note, made by the defendant, payable on time. The defendant in his answer alleges, in substance, that as to that part of the note remaining due he engaged to pay the same upon the plaintiff's promise that he could collect it of

one Littlefield in payment of property he was to purchase of the plaintiff, and upon the plaintiff's agreement that he should not be liable for the same unless he could so collect it; that he has been unable to collect it, and that Littlefield has since become bankrupt. And so he has never received any consideration for that part of the note.

The question presented by the demurrer to the answer is, whether these facts so pleaded constitute a legal defence, and we are of opinion that they do not.

The defence relied upon is want of consideration. Upon the most favorable construction for the defendant which his answer admits, we assume that the note, though payable to the defendant's order, was made to the plaintiff; that the promise of the plaintiff was contemporaneous with the giving of the note; that the note was only a part of one transaction between the parties; that all the agreements then made are to be construed together as one contract; and further, that the evidence in support of the defendant's allegations would not be open to the objection that it changed by parol an unconditional written promise into a conditional undertaking. And yet, in any aspect, we fail to find any want of original consideration for the defendant's promise. The promise of the plaintiff, which was executory in character, afforded a legal consideration for the promise of the defendant. If the note had been negotiated after its maturity, or to one who had full knowledge of its origin, it cannot be doubted that the holder could recover upon it as given for a legal consideration. It is not the common case of want of consideration arising from a total or partial failure of title in the plaintiff to property in payment for which the note was given. Such total or partial want of consideration may under the decisions of this court be availed of in defence.

A distinction is to be observed, which is frequently disregarded, between original want and subsequent failure of consideration. Failure of consideration, total or partial, occurs when the consideration, good and sufficient at the time the agreement is made, by some breach of contract, mistake or accident, has afterwards failed. Total failure may always be pleaded and shown

in defence; partial failure, only when ascertained and liquidated, unless offered as evidence in reduction of damages, under the rule which permits such defence in certain cases, when it is properly pleaded, to avoid circuity of action. A partial want of consideration, on the other hand, is always a defence *pro tanto*. *Parish* v. *Stone*, 14 Pick. 198. *Loring* v. *Sumner*, 23 Pick. 100. *Allen* v. *Furbish*, 4 Gray, 504. Now in this case, when the note was given and until the inability of the defendant to collect of Littlefield, after proper exertion on his part, became manifest, the promise of the plaintiff was an existing legal consideration; and the answer therefore shows no original defect in that respect.

The case here presented is not to be classed with those where the defendant sets up in defence the existence of an entire contract, containing mutual undertakings in the nature of dependent covenants, under which the plaintiff can only recover by showing performance or readiness to perform on his part. If the answer could be construed to embrace such a ground of defence, it is by no means plain that the two agreements ought to be regarded as dependent stipulations. It is often a difficult matter of construction, where there are stipulations in a contract to be performed on the part of each, to determine whether the plaintiff must aver and prove performance on his part before he can recover. The nature and form of the stipulation, and the intention as gathered from the whole transaction, must govern. In *Spiller* v. *Westlake*, 2 B. & Ad. 155, Lord Tenterden held that it was no defence to an action upon a note, that, by an instrument of the same date, the plaintiff agreed to convey an estate to the defendant in consideration of the amount secured in part by the note, and had not made such conveyance. If the agreement to convey and the promise to pay had been contained in the same instrument, then, he declared, the payment and the conveyance would be regarded as concurrent acts; but when the promise to pay was by a distinct instrument, it was evidence of an intent that the money should be paid at all events. And in *Pitkin* v. *Frink*, 8 Met. 12, in which the question whether the note given by the defendant, and the writing of the plaintiff,

given at the same time, in which he agreed to take his pay in horse hire, and not call on the defendant for the note so long as he kept his horse and carriage in good order for the plaintiff's accommodation, constituted an entire contract, the stipulations in which were mutual and dependent, it was held that the stipulations were independent, and constituted separate and distinct contracts, for a breach of which by either an action could be maintained.     Instances are afforded in *Traver* v. *Stevens*, 11 Cush. 167, and *Waterhouse* v. *Kendall*, Ib. 128, where similar agreements by the plaintiff, made in consideration of notes given, were regarded as mutual and independent stipulations, executory in character, the performance of which was not a condition precedent to a recovery upon the notes.     It is unnecessary to pursue the discussion in this direction further, for the answer cannot be held to disclose this defence.

This case must be distinguished also from another class of modern cases in which, for the purpose of avoiding circuity of action, the defendant is permitted, under our decisions, to allege and prove in defence that which was formerly only the subject of a cross action; as where breach of warranty or fraud in the sale of property may be given in evidence in an action upon the note given in payment.     It may be, that, under the tendency of these decisions, a failure to perform an executory contract forming the consideration for a note may, when properly set forth in the answer, be given in evidence as an equitable set-off of damages, by way of recoupment and to avoid circuity of action.     But clearly such defence must be specially stated in the defendant's answer.     *Harrington* v. *Stratton*, 22 Pick. 510 *Burnett* v. *Smith*, 4 Gray, 50.     *Stacy* v. *Kemp*, 97 Mass. 168.

*Demurrer to the answer sustained.*

*C. Lamson*, for the plaintiff.

*E. F. Stone*, for the defendant.