## ARIOCH WENTWORTH & others *vs.* GUSTAVUS D. DOWS & another.

Suffolk.   Nov. 16, 1874.— Jan. 11, 1875.   WELLS & DEVENS, JJ., absent.

In an action on a promissory note by the payee against the maker, the answer set up want of consideration. It appeared in evidence that the plaintiff made for the defendant six marble cases for soda fountains, under a verbal contract; that they were not as good as specified in the contract, there being imperfections in them stopped by wax and not at first seen. The defendant paid for four of these cases, and afterwards gave the note in suit for the remaining cases and other goods. The defendant requested the court to instruct the jury that if they found that the six cases were an entire contract, and that a part of the cases were included in the settlement for which the note was given, the jury were to consider the damage on the whole contract. *Held*, that this instruction was rightly refused. *Held*, also, that evidence of the lessened value of the cases, by reason of the imperfections, was inadmissible.

Where in an action by the payee against the maker of a promissory note given for the price of goods the only defence set up in the answer is want of consideration, it is not competent for the maker to prove in reduction of damages either a breach of warranty or a fraudulent representation in the sale of the goods.

CONTRACT upon a promissory note made by the defendants and payable to the plaintiffs. The answer denied the making of the note or any debt due the plaintiffs; set up a want of consideration; and alleged that if the plaintiffs should prove the making of the note, "then the defendants will prove that said note was given in payment for certain marble cases sold by the plaintiffs to the defendants and recommended by the plaintiffs to be of excellent quality, sound and proper to be used in the manufacture of soda fountains by the defendants;" that the said marble slabs "were not sound, and were altogether unfit for the use for which the defendants bought said marble by reason of said recommendation, and thereby the defendants have been put to great loss and trouble."

Trial in the Superior Court before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

The execution and delivery of the note were admitted. The defendants set up a want of consideration. The plaintiffs, who were marble workers, manufactured for and sold to the defendants marble cases, to be fitted up by the defendants for soda fountains. The note was given in payment for cases and other

goods, delivered in April, 1873. There was evidence tending to show that among other things, the plaintiffs made six cases of Escalon marble, upon an especial verbal contract, two cases of which were the last delivered, and were included in the April bill, settled by the note in question. There was also evidence tending to show that the six cases were very imperfect and not as good as specified in the verbal contract; that the slabs were badly cracked and cemented together; that there were many holes in the marble, stopped up with wax; that at first the imperfections were not seen, but afterwards became very plain. The plaintiffs, on these points, offered evidence to the contrary. It was also shown in evidence that these cases were the groundwork and the smaller part of the cost in the manufacture of the fountains; and the defendants added thereto other appliances and fixtures, in completing the manufacture of their apparatus.

The defendants' counsel asked William H. Collins, a witness for the defendants, the following question: " How much less in value, by reason of these imperfections, was the whole apparatus worth ? " The judge ruled that the defendants could not ask the witness that question.

The defendants also asked the judge to give the following instructions to the jury: " That if the jury find that the six cases were an entire contract, and that a part of the cases were included in the settlement for which the note in question was given, then the jury were to consider the damage on the whole contract." The judge refused to give the instruction asked for. Other appropriate instructions were given, to which no exception was taken.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*D. B. Gove*, for the defendants.

*M. Holbrook*, for the plaintiffs.

COLT, J. In an action upon a promissory note, the defendant is permitted to allege and prove in defence that which was formerly only the subject of a cross action. Thus breach of warranty or fraud in the sale of personal property may be given in evidence, when specially set up in the defendant's answer by way of recoupment. *Harrington* v. *Stratton*, 22 Pick. 510. *Hodgkins* v. *Moulton*, 100 Mass. 309.

The only defence which is here properly pleaded is want of consideration alleged to have been caused by imperfections in certain marble cases sold by the plaintiffs to the defendants, to be fitted up for soda fountains by the latter, and paid for by the note in suit. At the trial there was evidence that the plaintiffs under a verbal contract with the defendants made six marble cases, which were delivered from time to time, and that the note in suit was given, when the last two cases were delivered, in payment for those two only, the other cases having been previously delivered and paid for. There was also evidence that all the cases were imperfect, and not as good as specified in the verbal contract. The judge was asked to instruct the jury " that if the jury find that the six cases were an entire contract, and that a part of the cases were included in the settlement for which the note in question was given, then the jury were to consider the damage on the whole contract."

This instruction was properly refused, in view of the defence set up. The delivery of the property furnished a good consideration for the note. There is no fraud or breach of any special agreement, or of any warranty express or implied, alleged in the answer, and the defence which the request assumes is not open. The purchaser takes his risk in a sale of property without warranty, false representation, or other fraud, amounting to something more than mere commendations of the seller.

The question, " How much less in value by reason of these alleged imperfections the whole apparatus was worth ? " put to the witness Collins, was properly excluded for the reasons above given. Where there has been fraud or breach of warranty, the buyer may indeed recover all demands which are the natural and direct result thereof, and that may include something more than the difference between the actual value and the price paid. That rule is not to be applied to the facts, which the defendants are allowed to rely on here. *Exceptions overruled.*