LOIS D. HODGDON and another *vs.* MOSES D. GOLDER.

Androscoggin.    Opinion June 13, 1883.

*Promissory notes.    Defence.    Failure of title.*

A partial failure of title constitutes no defence to a suit on a note given for real estate.

REPORT on agreed statement.

Assumpsit on a promissory note of nine hundred dollars given May 11, 1876, by the defendant to the plaintiffs.

The opinion states the material facts.

*Ludden and Drew*, for the plaintiffs, cited: *Morrison v. Jewell*, 34 Maine, 146; *Thompson* v. *Mansfield*, 43 Maine, 490.

*L. H. Hutchinson and A. R. Savage*, for the defendant.

There was a total failure of the consideration. *Rice* v. *Goddard*, 14 Pick. 295, and cases there cited; *Jenness* v. *Parker*, 24 Maine, 289.

Defendant took no title by the widow's joining 'in the deed. A widow cannot alien or assign unassigned dower. 1 Washburn 'on Real Property, (3d. ed.) 286, 232, 237; *Johnson* v. *Shields*, 32 Maine, 424.

Her joining in the deed can only operate, at the most, as an estoppel and not by way of grant of title. *Lothrop* v. *Foster*, 51 Maine, 367.

The principal estate having failed, the subordinate estate, if any, fails also.

There was a total failure, of a specified, distinct aliquot part of the consideration; to wit, the share of Nellie M. Hodgdon; and the defendant has no remedy upon the covenants of Nellie M. Hodgdon, she was a minor and her deed has been avoided.

APPLETON, C. J. On February 25, 1874, Alexander B. Hodgdon died leaving a widow and three children, one of whom, Nellie M. Hodgdon, was a minor. In the following April an administrator was duly appointed and qualified. .

In May, 1876, the widow and son acting as agents for the two daughters as well as for themselves, sold the real estate of the decedent to the defendant for thirty five hundred dollars, giving a warranty deed signed by them and the other children of the deceased. The note in suit was given as part of the consideration of the purchase.

At time of the above mentioned conveyance, the estate of the decedent had not been settled in the probate office. Subsequently thereto, the real estate conveyed to the defendant, was sold by the administrator *de bonis non* of the estate of Alexander B. Hodgdon to S. A. Cummings and Jacob A. Field, to the latter of whom the defendant had conveyed the estate by him purchased, as before stated.

The interest of Nellie M. Hodgdon, was sold by her guardian to S. A. Cummings by license from the probate court.

The warranty deed of the heirs and widow of Alexander B. Hodgdon conveyed to the defendant a seizin of the premises granted. He entered into possession of and occupied the same until he conveyed them away. He had both seizin and possession. Though subsequently, this title was defeated by the deed of the administrator *de. bonis non* on the estate of Hodgdon and that of the guardian of the daughter, there was not such an entire failure of consideration as would constitute a defense. *Wentworth* v. *Goodwin,* 21 Maine, 150 ; *Morrison* v. *Jewell,* 34 Maine, 146 ; *Thompson* v. *Mansfield,* 43 Maine, 490 ; *Wentworth* v. *Dows,* 117 Mass. 14.

The remedy when anything valuable passes by the title, but not the entire estate conveyed, is by an action of covenant broken. To constitute a valid defense to a note given for the conveyance of real estate there must be a total and entire failure of title. *Jenness* v. *Parker,* 24 Maine, 289.

*Defendant defaulted. Damages to be assessed at nisi prius.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.