JOHN DANIEL *vs.* CLARENCE E. LEARNED & another.

Suffolk. March 10, 1905. — May 22, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Rescission. *Bills and Notes. Damages.*

If a note payable in two months is accepted in settlement of an account payable immediately, it is too late when the note falls due at the expiration of the two months for the maker of the note after enjoying the advantage of the delay to attempt to rescind it on the ground that the payee had misrepresented the amount of the balance due on the account. If misrepresentations were made by the payee, the maker when sued on the note can show in reduction of damages the true amount due on the account.

CONTRACT on a promissory note for $3,486.39 dated July 31, 1903, and payable two months after date. Writ dated October 3, 1903.

The defences set up were want of consideration and misrepresentation as to the amount to be paid by the note as stated in the opinion. In the Superior Court the case was tried before *Schofield*, J. who refused to give the instructions requested by the defendants, and left the case to the jury in the manner stated in the opinion.

The jury returned a verdict for the plaintiff in the sum of $3,626.55; and the defendants alleged exceptions.

*C. R. Darling*, for the defendants.

*H. G. Allen*, for the plaintiff.

HAMMOND, J. This is an action upon a promissory note brought by the payee against the makers, to which the material defences are want of consideration, and misrepresentation as to the amount of the balance due to the plaintiff in settlement of which the note was given.

It appears that the plaintiff made a contract with the defendants for the removal of a certain building, by the terms of which the plaintiff was to furnish all the necessary labor and materials and was to receive the amount of his actual expenses therefor, together with a sum to be agreed upon (afterwards fixed at $1,200) for his profit or compensation. During the progress of the work, various payments on account were made by the defendants. After the completion of the work the plaintiff presented to the defendants his account, representing the same to be true, " except that there might be some other bills which had not yet come in." The defendants not being prepared to pay in cash the balance appearing to be due to the plaintiff, at his request gave in payment therefor the note in suit. It does not appear that the defendants ever asked to see the plaintiff's vouchers, and the evidence tended to show that they never did see them, but, in giving the note, relied upon the plaintiff's representation that the account was correct. There was some evidence tending to show comparatively small errors in some of the items, so that the balance due to the plaintiff, as shown by him, appeared to be about $100 more than it actually was; and the defendants contended that this was known by the plaintiff when he presented his account. There was no evidence that the defendants ever attempted to rescind the "agreement of settlement" on the ground of fraudulent representation, or gave notice of such rescission to the plaintiff. " The only use made of the alleged fraud was by plea in this action."

At the trial it was not denied that there was a balance of several thousand dollars due to the plaintiff, but it was contended by the defendants that the note was obtained by the misrepresentation by the plaintiff as to the balance due, and was there-

fore voidable by them; and they asked the judge in substance to rule that if, on presentation of his account, the plaintiff represented it to be correct, or correct as far as it went, and the defendants relying upon the representation gave the note, the plaintiff was not entitled to recover if the account was not correct and the plaintiff, when he rendered it, knew that fact. The judge refused to rule as requested and submitted the case to the jury, under instructions which authorized them to find for the plaintiff for the sum justly due to him on the account, even if the plaintiff knowingly presented an incorrect account and represented it to be correct and the note was given in reliance upon that representation.

It is well settled in this Commonwealth that where a note is given for goods sold under such circumstances as give the buyer the right to rescind the contract, if the buyer rescinds, the note is avoided as between him and the seller; but if the buyer does not rescind, and allows the contract to stand, the seller can recover upon the note subject to the right of the buyer to reduce the amount as though the action were brought on the contract of sale. And this rule is applicable whether the right to rescind is based upon the fraudulent conduct of the seller or otherwise. In other words, the buyer may rescind or not. If he rescinds, the note in the hands of the seller is avoided. If he does not rescind, but avails himself of the contract, then the seller may recover upon the note subject to a deduction which ought to be made from the plaintiff's demand, as though the action were upon the contract of sale. *Harrington* v. *Stratton*, 22 Pick. 510. *Perley* v. *Balch*, 23 Pick. 283, 286.

The defendants in their brief seem to concede this general rule as to notes given for goods sold, but argue that the rule is not applicable to a case like this, where there is nothing to return; that the defendants received nothing, and therefore there was nothing to return.

When the parties met to settle the accounts, the plaintiff was entitled to receive the balance due him, and to receive it at once in money, and if not paid he had the right to sue at once to recover it. The note was given in payment of the balance due. The note was not payable until the expiration of two months. By taking it the plaintiff had lost his right of action upon the

account and had gained a right of action only on the note.    He had lost his right to sue immediately if not paid, and had entered into an obligation to wait two months for his pay.    The defendants, who were unable to pay, were discharged from their liability on the account, and the time in which they could be compelled to pay was postponed two months.

If it be assumed that they had the right to rescind the settlement and avoid the note for fraud, the case shows that they did not do it or offer to do it.    They availed themselves of the benefit conferred upon them by the contract, namely, two months' immunity from liability to a suit, and having got the benefit of this delay, they attempt to avoid the note and remit the plaintiff to his original right to sue on the account.

The same principles out of which spring the rules above mentioned with reference to a note given to a fraudulent seller by a defrauded buyer are applicable to the state of things found here, and should be applied.    By applying them justice is worked out and no principle of law is violated.    In *Haycock* v. *Rand*, 5 Cush. 26, a somewhat similar state of things arose, but the point on which the case finally was decided differed from the one decided here.

*Exceptions overruled.*