M. T. SAYLES *vs.* JAMES H. QUINN.

Worcester.    October 2, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, Conduct of trial. *Pleading, Civil,* Answer. *Evidence,* Presumptions and burden of proof, Relevancy and materiality.

A defendant at the trial of an action of contract is not harmed by the exclusion of evidence which later, after an amendment to the answer, is admitted, and therefore no exception lies to such exclusion.

At the trial of an action of contract for services rendered to the defendant by the plaintiff, where the answer is a general denial merely, if evidence is offered by the defendant to prove both unskilfulness on the part of the plaintiff in the performance of the services and damage resulting to the defendant therefrom, it tends to prove a claim in recoupment which should be specifically set forth in the answer, and therefore properly may be excluded.

At the trial of an action of contract for services rendered by the plaintiff to the defendant under a special agreement, there was evidence tending to show that the defendant had not raised any objection to the nature of the services rendered until the trial, and, the answer being a general denial merely, evidence of unskilfulness on the part of the plaintiff and consequent damage to the defendant was excluded until, during the trial, the defendant amended his answer by pleading in recoupment, when the evidence was admitted. The plaintiff, subject to exception by the defendant, was permitted to argue to the jury that the defendant had not raised the defence of unskilfulness or questioned the plaintiff's charge on that account before the trial and that the filing of the amendment during the trial gave the plaintiff no opportunity to meet such a claim unless a continuance of the case were asked. In his charge to the jury, the presiding judge stated that they could consider the time of the filing of the amendment to the answer only with respect to the evidence which the plaintiff might have been expected to, but did not, produce upon that issue. *Held,* that the argument of the plaintiff to the jury, which was excepted to, was not upon the pleadings but was upon the failure of the plaintiff to produce evidence, and therefore, particularly as guarded by the instructions of the presiding judge to the jury, was not objectionable.

The judge presiding at the trial of an action before a jury may in his discretion either interrupt and stop an improper argument of counsel to the jury or may permit it to proceed and in his charge correct the error.

The burden of proving the allegations in an answer in recoupment in an action of contract is upon the defendant.

Where, in an action of contract, the answer is a general denial, but the defendant relies in defence upon evidence, introduced by him without objection on the part of the plaintiff, that there was a material modification of the contract upon which the action is based after it was partially performed, the burden of establishing such defence is upon the defendant.

At the trial of an action of contract, the presiding judge, in commenting to the jury on the answer, stated: " There is a further answer set out, that if the defendant ever owed the plaintiff anything, he has paid him that amount. That admits that there was such a contract as the plaintiff alleges, but says . . . that the amount due . . . has been paid." The defendant excepted. It appeared that it was admitted throughout the trial that the original contract had been made as alleged by the plaintiff. *Held*, that, though the statement that the plea of payment admitted the contract was inaccurate, the defendant was not harmed and his exception must be overruled.

An exception to a portion of a charge to a jury will not be sustained although the portion excepted to, if read alone, misstates the law, if, when read with the whole charge, it appears that the judge was directing the attention of the jury to a particular issue in the case as to which the law as stated by him in the portion of the charge to which the exception relates was correct.

A bill of exceptions in an action of contract stated an exception by the defendant to a ruling of the judge who presided at the trial excluding certain evidence. It appeared that originally the answer of the defendant was a general denial merely, but that, during the trial, he was permitted to amend his answer by pleading in recoupment. The evidence offered might have been admissible under the answer in recoupment, but was not admissible under a general denial, and the bill of exceptions did not show at what stage of the trial it was offered. *Held*, that it did not appear that the defendant was harmed by the exclusion of the evidence, and that therefore the exception must be overruled.

At the trial of an action of contract for services rendered to the defendant by the plaintiff under a special agreement to care for the defendant's horses, an answer in recoupment alleged that the plaintiff had performed the alleged services unskilfully and had injured the defendant's horses, and the defendant offered evidence that one of the horses, before the plaintiff had taken him in charge, had " worked a mile in 2.30," and that he was well bred. The presiding judge excluded the evidence offered. *Held*, that, in the exercise of his discretion, the presiding judge was warranted in excluding such isolated facts unconnected with testimony as to other attributes of the horse which might assist the jury in reaching a conclusion as to his value.

CONTRACT to recover for services and disbursements in the care, board and training of two horses of the defendant. Writ in the Superior Court for the county of Worcester dated January 1, 1903.

At the trial, which was before *Wait*, J., the defendant excepted to certain rulings of the presiding judge, as set out, together with all the material facts, in the opinion.

The case was submitted on briefs.

*W. Thayer, H. W. Cobb & F. A. Walker*, for the defendant.

*R. B. Dodge & W. J. Taft*, for the plaintiff.

Rugg, J.   This is an action of contract on an account annexed to recover for services and disbursements in the care, board and training of two of the defendant's horses under a verbal agreement.   The answer was a general denial and payment.

1.  Upon these pleadings the defendant offered evidence tend-ing to prove unskilfulness on the part of the plaintiff in training one of the horses and claimed the right to show his damages resulting therefrom.   Exception was taken to the ruling that this could not be shown under a general denial.   The defendant thereupon amended his answer, and pleaded in recoupment, and the evidence was admitted.   This exception might be disposed of shortly on the ground that the defendant suffered no harm, because he was permitted to amend and present all the evidence upon this subject that he desired.   But the ruling was right for the reason that damages claimed by way of recoupment must be specially pleaded.   *Hodgkins* v. *Moulton*, 100 Mass. 309.   *Gillis* v. *Cobe*, 177 Mass. 584, 605.   The offer was not alone to prove a failure to perform the contract as claimed by the plaintiff, which might have been proven under a general denial, but it was linked with the claim for damages, which was a demand in recoupment and must be set out in the pleadings.

2.  During his argument to the jury counsel for the plaintiff stated that the " defendant had never raised the defence of unskilfulness or questioned the bill on that account until the trial, and that the filing of the amendment during the trial gave the plaintiff no opportunity to meet this claim, unless a continuance of the case was asked."   Counsel for the defendant seasonably objected to this as being argument upon the pleadings, and excepted to the refusal of the court to interfere.   Even if the argument had been objectionable, the court was not bound to stop the counsel, provided adequate instructions were given respecting the matter.   *Commonwealth* v. *Cunningham*, 104 Mass. 245.   It is within the discretion of the presiding justice either to interrupt and stop an improper argument of counsel or to permit it to proceed and in his charge correct the error.   In his charge, the court carefully guarded the effect of this argu-

ment, by stating that the jury could only consider the time of filing the answer with respect to the evidence, which the plaintiff might be expected to produce upon that issue but did not produce. A party, when confronted, during the course of a trial, with a new issue, caused by an amendment to the pleadings by his opponent, may well prefer to conclude the trial with such evidence as may be at hand rather than to ask for a continuance for the purpose of procuring more. If he elects to do this, it is not improper to suggest, by way of argument, that his failure to proffer further evidence upon the particular issue may be accounted for by the fact that it was raised at a time when he could not conveniently do so. This argument is not one upon the pleadings, but upon the failure to produce evidence, which is generally a proper subject for argument.

3. The charge that the burden of proof is upon the defendant in case of recoupment was correct. *Noble* v. *Fagnant,* 162 Mass. 275, 286.

4. The defendant contended and introduced evidence tending to show that, after the contract was made and after it had been partially performed, it was modified to a material extent as to the price to be charged. The trial court correctly ruled that upon this branch of the case the burden was upon the defendant to prove that the price named in the original contract had been changed. This evidence was introduced without objection under a general denial. It was not a claim that the contract as originally made was different as to price from that claimed by the plaintiff, but that there was a subsequent modification of it. This put the burden of proof as to that particular allegation, which was in effect an affirmative one, upon the defendant. *Lothrop* v. *Otis,* 7 Allen, 435. What was said is not to be construed as shifting the burden of proof from the plaintiff to the defendant. The parties were not in conflict as to the price to be charged in the contract as originally made. The defendant proposed to show a distinct proposition, which would, if proved, avoid the effect of the contract as made. When he asserted this distinct matter, the burden rested upon him to prove it. *Powers* v. *Russell,* 13 Pick. 69, 77. *Potter* v. *Moreland,* 3 Cush. 384, 389. *Delano* v. *Bartlett,* 6 Cush. 364.

5. It was said in the course of the charge, respecting the plead-

ings, that " There is the further answer set out, that if the defendant ever owed the plaintiff anything, he has paid him the amount. That admits that there was such a contract as the plaintiff alleges, but says that has been made and paid, that the amount due under that contract has been paid." The defendant's exception to this statement must be overruled, for the reason that he does not show that he suffered any harm from it. The whole course of the trial shows that both parties admitted a contract to have been made, which, as to price originally agreed upon, was not in issue. The inaccurate statement that a plea of payment admitted the contract, therefore, did no harm, because a contract was admitted throughout the trial.

6. The defendant objects to that portion of the charge, which states that the burden was on the defendant to show unskilful driving or training. The context in which this statement was made shows that the attention of the court and jury was then directed to the claim of recoupment set up by the defendant. In other parts of the charge the court gave full instructions that the burden was upon the plaintiff to prove that he had carried out the contract which he alleged, and that, as a part of this burden of proof, he must show that he used reasonable care, and acted in a skilful manner in dealing with the horses, and if the horses driven were injured in consequence of any failure on his part, then he had not proved the contract which he alleged. Taking the charge as a whole, it fairly distinguished between the reasonable skill and care which the plaintiff was bound to prove affirmatively that he had used in order that he might recover, and the damages resulting from his unskilfulness and carelessness, which the defendant claimed by way of recoupment, the burden to prove which was upon the defendant.

7. Two questions of evidence have been argued. The defendant offered to show, as affecting the value of one of the horses, that, before he was placed under the plaintiff's care by the defendant, he had " worked a mile in 2.30," and also that he was a well bred horse. It does not appear at what stage of the trial this evidence was offered. If before the amendment was filed, it was obviously incompetent. The issues between the parties then were solely whether the plaintiff had performed his contract, as to the price upon which the parties had agreed

for the board and care of the horses, and whether it had been paid. Upon these issues it was of no consequence whether or not the horses were well bred or fast trotters. The defendant, not showing that the evidence was offered after the amendment to his pleadings, does not show that he was injured by the ruling. But, even if offered after the pleadings were in their final shape, it was within the discretion of the court to reject the evidence as of isolated facts unconnected with testimony as to other attributes, especially as the only evidence touching value of the animals came from the defendant's witnesses, and was not contradicted by the plaintiff.

*Exceptions overruled.*