INDIANA FLOORING COMPANY *vs.* SAMUEL RUDNICK.

Suffolk. March 20, 1920. — May 21, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Pleading, Civil,* Answer. *Practice, Civil,* Affidavit of no defence and counter affidavit. *Bills and Notes. Evidence,* Presumptions and burden of proof.

An affidavit of defence, filed in an action of contract by a defendant under St. 1911, c. 305, after the plaintiff has filed an affidavit of no defence, is no part of the pleadings in the action.

A partial failure of the consideration for a promissory note, in order to be relied on by the maker under R. L. c. 73, § 45, in defence to an action upon the note by the payee, must be alleged specifically in the answer.

Where, in an action upon a promissory note by the payee against the maker, the answer contains no specific allegation of a partial failure of consideration, the judge properly may refuse to instruct the jury that, "If from the evidence you find that the notes were given in accordance with an agreement for lumber to be delivered in the future, then the burden of proof is upon the plaintiff to show that it actually did send and deliver the lumber of the kind, quality and quantity called for by said agreement," such defence not being open on the pleadings and the burden of establishing such a defence, if properly pleaded, being upon the defendant.

CONTRACT on two promissory notes by the payee against the maker. Writ dated January 28, 1919.

In the Superior Court the action .was tried before *Fessenden,* J. The pleadings, material evidence at the trial and exceptions by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $1,338.56; and the defendant alleged exceptions.

The case was submitted on briefs.

*M. H. Steur,* for the defendant.

*S. D. Elmore,* for the plaintiff.

JENNEY, J. The Indiana Flooring Company brought this action in the Superior Court against Samuel Rudnick on two promissory notes, both made by the defendant and payable to the plaintiff. The defendant's answer is a general denial, payment, and the further allegation that, if he "ever executed said notes," he made them for the accommodation of the plaintiff and without consideration. The answer does not set up either total or partial failure of consideration. At the trial the signatures to the notes were admitted. The jury found for the plaintiff for the entire amount involved.

Evidence was admitted in behalf of the defendant, but subject to the plaintiff's exception, that the notes were given in renewal of others for like amounts, the consideration of which was a contract by the plaintiff to sell to the defendant a certain quantity of "flooring." Evidence was likewise admitted subject to the plaintiff's exception, that a substantial part of the amount of lumber required to complete the quantity specified in the contract never had been delivered to the defendant.

At the close of the evidence, the defendant requested that the jury be instructed as follows: "If from the evidence you find that the notes were given in accordance with an agreement for lumber to be delivered in the future, then the burden of proof is upon the plaintiff to show that it actually did send and deliver the lumber of the kind, quality and quantity called for by said agreement." This request was refused, subject to the defendant's exception.

In substance the judge instructed the jury that if they found that the notes were given for the plaintiff's accommodation, they should find for the defendant; that if there was no consideration

for the notes, the plaintiff could not recover; that if the notes were given for "a future delivery of lumber," which was never delivered, a like result followed. The charge then continued: "Here I want to call your attention to one thing very distinctly. This is not a case where they are pleading partial failure of consideration. Those cases sometimes trouble you. It is either the whole or nothing. . . . That is the claim. So don't trouble yourselves about this, as to whether the whole, every stick of lumber was delivered, but the question is, was there a consideration for the notes, and the burden is on the plaintiff to show that. It is not on the defendant to show that there was no consideration. . . . It is not for us to say that under these pleadings, for if there were a claim that only part of it was delivered, that would be pleaded in the case, and then we should have that to try, but no suggestion is made of that in this trial. So that it is the whole or nothing. Now I do not want you to go to your room and say, 'Well, here, he admitted part of it, so we will award part, only part.'" No exception was taken to the instructions given to the jury.

Before the trial, under St. 1911, c. 305, an affidavit of no defence had been filed by the plaintiff. The defendant filed a counter affidavit, the material part of which is as follows: "That the plaintiff delivered about thirty per cent of the amount agreed upon only, and that the goods delivered were not of the kind and quality agreed upon, but of an inferior grade."

The affidavit of defence constituted no part of the pleadings. It did not enlarge nor restrict the terms of the answer, and cannot be referred to for that purpose. Under the statute the defendant was required to disclose therein "such facts as the court finds entitle him to defend," or, failing so to do, the case might be advanced for speedy trial. This was its only purpose or effect. It could not be read to the jury, except at the option of the plaintiff in case it contradicted the testimony of the defendant or contained a probative admission on his part.

A partial failure of consideration must be specially pleaded. Inasmuch as that issue was not open under the pleadings, the instruction requested was properly refused, and the defendant's exception must be overruled. Under R. L. c. 73, § 45, "partial failure of consideration is a defence *pro tanto*, whether the failure

is an ascertained and liquidated amount or otherwise." By statute such a failure is made a matter of defence as against any person not a holder in due course, and the burden of proof thereof is upon the defendant, who must set it up in his answer in case he wishes to rely upon it. R. L. c. 73, § 45. *McCormack* v. *Williams*, 88 N. J. L. 170. The common law rule was the same. *Hodgkins* v. *Moulton*, 100 Mass. 309, 310. *Shoe & Leather National Bank* v. *Wood*, 142 Mass. 563. Such a defence is analogous to that of recoupment, which must be specially pleaded. *Davis* v. *Bean*, 114 Mass. 358. *Wentworth* v. *Dows*, 117 Mass. 14. *Sayles* v. *Quinn*, 196 Mass. 492.

*Exceptions overruled.*