CLAUDE H. JONES *vs.* REVERE PRESERVING COMPANY.

Suffolk.    November 12, 1923. — January 3, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Failure of consideration. *Pleading, Civil,* Answer. *Trade Acceptance.*

The instrument commonly known as a " trade acceptance " has all the elements requisite to a bill of exchange as described in G. L. c. 107, § 149, and is to be considered a bill of exchange.

Where in an action upon a bill of exchange the defendant's answer is merely a general denial, he cannot rely upon a defence of failure of consideration.

In an action by the maker against the acceptor of a bill of exchange, where the answer is merely a general denial, the defendant cannot rely upon a defence that the consideration of the acceptance was the sale of goods by the plaintiff to the defendant, that a fraud was practised by the plaintiff upon the defendant by reason of the inferior quality of the goods and that such fraud went to the very making of the contract; such defence to be relied upon should be specifically set out in the answer.

CONTRACT upon an instrument described below, alleged to be a bill of exchange in the amount of $1,897.32. Writ in the Municipal Court of the City of Boston dated January 28, 1922.

The instrument relied on was in the following form:

" No.  New York, N. Y.  Date, Dec. 3rd, 1921. $1897.32
On December 23rd, 1921.  Pay to the order of C. H. Jones Co.

One Thousand Eight Hundred Ninety-Seven 32/100 dollars.

Value received and charge the same to the account of C. H. Jones Co.

To Revere Preserving Co.,
  30 Fulton Pl.,
    Boston, Mass.

Revere Preserving Co.,
Simon Ginsburg, Treasurer.
Samuel Herbet, Pres."

On its margin was the following:

"Trade Acceptance.

"The obligation of the acceptance of this Bill arises out of the purchase of goods from the Drawer.

Revere Preserving Co.,<br>
Simon Ginsburg, Treas.,<br>
Samuel Herbet, Pres.,

Acceptor.

Accepted December 8, 1921. Payable at Hub Trust Co., Boston, Mass.

Revere Preserving Co.,
Simon Ginsburg, Treasurer.
Samuel Herbet, Pres."

On removal to the Superior Court, the action was tried before *Irwin*, J. Material evidence, requests by the defendant for rulings, and rulings made by the trial judge are described in the opinion. The jury, by order of the judge, found for the plaintiff in the sum of $2,025.98. The defendant alleged exceptions.

The case was submitted on briefs.

*G. H. Russ*, for the defendant.

*A. H. Reed*, for the plaintiff.

CROSBY, J. This is an action of contract to recover the amount due upon a bill of exchange drawn by the plaintiff, accepted by the defendant, and payable at the Hub Trust Company in Boston. The instrument in question represented the amount of the consideration paid for certain goods sold and delivered by the plaintiff to the defendant. The defendant's answer is a general denial. At the trial the

plaintiff offered in evidence the bill of exchange, and rested. The defendant was permitted to introduce evidence tending to show that a carload of dates, which was the subject of the sale, was not as represented by the plaintiff; that the dates were of inferior quality and worth much less a pound than the contract price; and further, that the defendant did not return the dates but used some of them in making an inferior and cheap class of goods. The plaintiff offered no evidence in rebuttal. At the close of the evidence the defendant requested the trial judge to give the following rulings:

" 1. That under the pleadings the defendant is entitled to show failure of consideration.

" 2. If the goods delivered were not of the quality ordered, the defendant had the right to keep them and pay a fair market value therefor."

The judge refused so to rule and directed the jury to return a verdict for the plaintiff for the full amount of the bill of exchange, with interest to the date of the trial; the defendant excepted.

While the instrument declared on is sometimes called a " Trade Acceptance," it has all the elements requisite to a bill of exchange as defined in the negotiable instruments act, G. L. c. 107, § 149, and is to be so considered. It is " an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay . . . at a fixed or determinable future time a sum certain in money to order. . . . "

The defendant, not having returned the goods and having used a part of them, sought to prove a partial failure of consideration. G. L. c. 107, § 51, provides that " Absence or failure of consideration is matter of defence as against any person not a holder in due course; a partial failure of consideration is a defence *pro tanto*, whether the failure is an ascertained and liquidated amount or otherwise."

As failure of consideration, either in whole or in part, is a matter of defence, it is settled both under the statute and at common law that it must be specifically pleaded and cannot be shown under an answer containing only a general denial.

*Hodgkins* v. *Moulton,* 100 Mass. 309, 310.   *Indiana Flooring Co.* v. *Rudnick,* 236 Mass. 90.   In the case last cited it was said that " Such a defence is analogous to that of recoupment, and must be specially pleaded.   *Davis* v. *Bean,* 114 Mass. 358.   *Wentworth* v. *Dows,* 117 Mass. 14.   *Sayles* v. *Quinn,* 196 Mass. 492."   See also *Gillis* v. *Cobe,* 177 Mass. 584, 605; *Puffer Manuf. Co.* v. *Krum,* 210 Mass. 211, 213.

The defendant contends that as it introduced evidence to show that the dates sold were found to be of inferior quality and at least two or three years older than called for by the agreement, a fraud was practised by the plaintiff on the defendant " which went to the very making of the contract and therefore need not be specially pleaded."   This contention cannot be sustained; even if there were evidence sufficient to justify a finding of fraud in the sale of the goods, which we do not decide, the defendant cannot avail itself of such fraud in defence unless specifically pleaded.   It was said in *Wentworth* v. *Dows, supra,* at page 15:   " In an action upon a promissory note, the defendant is permitted to allege and prove in defence that which was formerly only the subject of a cross action.   Thus breach of warranty or fraud in the sale of personal property may be given in evidence, when specially set up in the defendant's answer by way of recoupment."

The defence relied on not having been specially pleaded, the defendant's remedy, if it has any, is by a separate action. As the evidence admitted was not competent in defence, the judge properly instructed the jury to return a verdict for the plaintiff for the amount of the bill of exchange with interest to the date of the verdict.   *Granara* v. *Jacobs,* 212 Mass. 271, 275.

*Exceptions overruled.*