Wilson, J.
This is an action of contract on a promissory note, signed by the defendant, payable to the plaintiffs. The defendant’s answer set up a general denial, payment, denial of signature, and failure of consideration, and that the instrument was obtained by the plaintiffs’ fraud and misrepresentation.
There was evidence tending to show that the plaintiffs were engaged in tearing down an old building and in erecting a new building on North Street, in Boston, under a contract with the defendant, who was the owner of the premises ; that in digging for the foundation the plaintiffs endangered the buildings on the adjoining land and fronting on Fleet Street; that the plaintiffs were required by the Building Inspector of the City of Boston to shore up said *22 adjoining premises and make the foundations of said adjoining premises safe; that this was not a part of the original contract, and the plaintiffs and defendant entered into a written contract for the performance of said extra work for the sum of $1400.00, and the note in suit was given at the time said contract was signed.
Said written contract provided in part as follows:
“1. That the contractor shall proceed forthwith to take such action and do all necessary work to make said foundations safe in accordance' with the law and to comply with the requests of the building inspector of the City of Boston, including the following work: “Shore up the adjoining buildings; remove all faulty foundations; underpin all present walls; do all added excavating necessary and build new concrete foundation wall of required thickness and depth to bring foundation down to same grade as footings set forth in plans and specifications, the grade not to exceed 10 feet below sidewalk level. . . .
“In full consideration-for such work and materials, the owner agrees to pay the contractor an additional sum of $1400.00, to be paid by a note due in thirty days herefrom. The ■ contractor agrees to assume all responsibility and hold the owner harmless from any and all claims as a result of said work.”
There was also evidence that the plaintiffs did the work contemplated by said contract; that the excavation did not exceed ten (10) feet below the sidewalk level on North Street, but the excavation was eleven (11) feet, six (6) inches to twelve (12) feet below the sidewalk level on Fleet Street.
The defendant presented twelve requests for rulings. The trial judge gave numbers 1, 2, 3, 4 and 9, and denied numbers 5, 6, 7, 8, 10, 11 and 12, and found for the plaintiff for the amount of said note. The defendant, at the argument before us, waived all claim of error as to the eighth request.
*23 The contract itself is silent as to the level of which street was intended, but the plaintiffs testified and the court found as a fact that the sidewalk level of North Street was meant.
The court, by giving the defendant’s ninth request, instructed himself that in deciding the case he must be governed by the provisions of Acts of 1907, chap. 550, § 19. He then refused to give the tenth and eleventh requests, thus, in effect, ruling that said chapter 550, when applied to the instant case, referred to the depth below the sidewalk level of North Street. This was error. The Supreme Court in a decision filed November 12, 1936, long after the trial of the case at bar, construed said statute in a suit in equity in which both parties to this action were parties defendant, and ruled, see Triulzi v. Costa, Mass. Adv. Sh. (1936) 2113 at 2116:
“We think the provision of the statute, above quoted, refers solely to the owner of any building which is endangered by an excavation carried on by an adjoining owner, and that it is apparent therefrom that the ‘street’ to which reference is made is the street on which the building to be protected is situated.”
There can be no doubt of the right of the parties to the contract to designate any depth for excavation which they deem desirable, but the contract was drawn by an attorney at law and it must be presumed they had in mind the provisions of said chapter and their rights and liabilities which arose thereunder. Tremont & Suffolk Mills v. Lowell, 271 Mass. 1, 17.
It seems to us that the parties, as well as the trial court, must have believed the statute referred to the sidewalk level of the street where the premises were located upon which the excavation was being undertaken.
*24 We cannot say that such a mistaken construction of the statute was without error, prejudicial to the rights of the defendant. .
The note in suit was still in the hands of the plaintiff, the original payee. Any existing equities between the parties could be shown in defence of an action upon it. Jones v. Revere Preserving Co., 247 Mass. 225; See General Laws, chap. 107, § 51; Indiana Flooring Co. v. Rudnick, 236 Mass. 90, 92; Herman v. Sadof, Mass. Adv. Sh. (1936) 1067, 1069.
Excavation, in violation of the contract, to a level below that at which the defendant had a right to compel contribution from the owners of adjoining buildings, amounted to a breach of the contract and could have been found to have resulted in damage to the defendant.
. There is nothing in the report to- warrant a finding of misrepresentation or fraud in the contract. The twelfth request was properly denied.
The finding for the plaintiffs is to be vacated and the ease is to stand for a new trial.