Estes, J.
In this action of contract the plaintiff sues to recover a balance of $198.70 for furniture, sold and deliv *288 ered under a written contract, and a reasonable attorney’s fee as provided in the contract of sale. The defendant, in addition to other allegations in his answer, sets up recoupment based on the delivery of inferior and used merchandise, as a breach of warranty. The court found that the “merchandise failed in various ways to conform with samples originally picked out by defendant”, and found the “defendant damaged in sum of $105.00.” A finding was entered for the plaintiff on count 1 of the amended declaration for $93.70 with interest, and on count 3 for $35.00 (as attorney fees).
The plaintiff filed 24 requests for rulings. The first 12 became immaterial. Those numbered 13, 16, 17, 18, 19, 20 and 22 were given. The 14th, 15th and 21st were refused. The 23rd and 24th were refused “because inconsistent with facts found.”
It is conceded by the plaintiff that, in view of the findings, the 14th, 15th and 21st requests were properly refused, but contends that since the 18th, 19th and 22d were given, and the defendant has not questioned their correctness, they become the law of the case, and the refusal to give the 23d and 24th requests was, consequently, error.
The 18th request was that the defendant’s sole remedy is in recoupment. The 19th that the defendant had the burden of proof to establish breach of warranty and the damages resulting therefrom; and the 22d that the measure of damages is the difference in market value of the merchandise at time of delivery and what it would have been if delivered in conformity to the contract.
The 23d request was that the defendant must establish affirmatively the amount of his damages, and the 24th is “upon all the evidence, the defendant has not affirmatively established the amount of his damage.”
This last request (the 24th) is for a finding of fact.
*289 The error charged is that, since the court ruled that the defendant must find his remedy by recoupment, and that the burden of proof was on him, there must be some evidence of the difference in market value before the court.
We think the plaintiff is right, and that the refusal of the 23d and 24th requests was error.
It seems to be conceded by all parties and the court that the defendant elected to keep the merchandise, even though it did not conform to the requirements of the contract of sale, and to seek his remedy by recouping his damages if sued by the plaintiff. The burden of proof then rested on the defendant to show his consequential damages. Beverly Hospital vs. Early, 292 Mass. 201 at 204. Roche vs. Gryzmish, 277 Mass. 575 at 578, 579.
Since he elected not to rescind the contract, but to retain the benefits he obtained by virtue of it, his defence against the plaintiff’s claim is good only to the extent to which he proves damage. Pothier vs. Doucette, 276 Mass. 326 at 334; Roche vs. Gryzmish, 277 Mass. 575 at 579-580. “If he produces no evidence of damage he makes no case in recoupment.” Bank of United States vs. Thompson & Kelly Co., 290 Mass. 224 at 228.
The report in the case at bar is barren of any evidence of damages to the defendant to support his claim to recoup. So far as the record shows the finding of the amount of damages suffered by the defendant was based on mere conjecture. The court could hardly take judicial cognizance, or use her own knowledge to establish the damages suffered by the defendant. The 23d and 24th requests should have been given. As the parties have had their day in court the finding on the first count is reversed and finding for the plaintiff ordered to be entered in the sum of $198.70 with interest added from September 15, 1937.
*290 As to the third count we do not presume to pass on the merits. If the plaintiff is dissatisfied with the amount allowed for its attorney’s fees the remedy is by proper motion in the trial court.