MAURICE DALY & others *vs.* GEORGE KINGSTON & trustee.

Essex.    November 8, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

A contractor agreed in writing "to complete brick work, lathing and plastering, as prescribed in plans and specifications" on a certain building. The specifications under the head "Brick work" contained requirements as to building chimneys and their accessories, then under the head "Fireplace" came the following: "Provide proper foundation for and furnish and set in position as shown on plan a No. 12 Phila. & Boston Face Brick Co.'s Red Pressed brick fireplace." Then followed other requirements as to brick work. The fireplace named could be obtained by ordering it by a catalogue number from the manufacturer, who would send the parts complete with pieces in special shape and a sufficient quantity of face brick to be laid with them to complete the fireplace. *Held*, that as a matter of law the fireplace was part of the brick work referred to in the contractor's agreement, and that oral evidence to show that it was not included under the term "brick work" was incompetent.

CONTRACT, to recover a balance of $138.20 claimed to be due under a contract in writing to complete brick work, lathing, and plastering on the house of John J. Cummings in Lawrence. Writ dated November 17, 1898.

The defendant contended that the plaintiffs had failed to complete their contract and that the defendant had been obliged to procure materials and labor to complete the work at an expense to him of the amount claimed by the plaintiffs.

In the Superior Court the jury found a verdict for the plaintiffs. The case was tried before *Bishop*, J., who at the request of the parties reported it for the determination of this court.

The report was as follows.

The defendant was the contractor to build the house of John J. Cummings under certain written specifications, and the plaintiff was a sub-contractor to do part of the work.

At the trial the plaintiffs introduced the following agreement, which was signed by one of the plaintiffs, and both parties relied upon it as constituting the agreement between them:

"Lawrence, Mass. August 19, '98. I, the undersigned, do hereby agree to complete brick work, lathing and plastering, as prescribed in plans and specifications, on house of John J. Cummings at Lawrence St. Cor. Chestnut, for $900.    MAURICE DALY."

The specifications referred to in the foregoing agreement were entitled "Specifications of the labor and materials required to build a building for Mr. John J. Cummings, Corner of Lawrence and Chestnut Streets Lawrence, Mass.," and contained the following provisions :

"BRICK WORK. — Build the chimneys as shown by the plan of good hard burned bricks laid in lime mortar ; the outside to be smoothly plastered the entire length. Furnish thimbles 4″ long to be set in brick work of chimneys in all rooms accessible to chimney, and the partition to be panelled from floor up and the plastering put directly on brick work as shown by plan. Furnish and set iron ash doors in each chimney in the cellar.

"The top and two feet below the roof to be laid up with a good even cull of hard burned brick, laid in pure cement mortar, made to one part of cement to three parts of sand.

"FIREPLACE. — Provide proper foundation for and furnish and set in position as shown on plan a No. 12 Phila. & Boston Face Brick Co.'s Red Pressed brick fireplace. To be provided with Murdock Cast Iron thwat and ash dump.

"The bricks to be laid in dark red mortar 1-2 cement, laid to very close straight joints and in a thoroughly workmanlike manner.

"Start chimneys on stone levellers which Stone mason will leave in cellar.

"The chimneys and piers connected with them to be laid up in pure cement mortar from cellar bottom to level of first floor.

"All partitions enclosing stairways leading to upper floors must be filled in between studs with bricks and mortar and plastered on both sides on metal lathing according to Article 7 of Form No. 60 State Inspector's Spec. Blank.

"Where floor timbers rest on partition caps the spaces between them from cap to top of timbers must be filled in solid with good light bricks laid in lime mortar, and all joints flushed full."

The specifications were typewritten, and the foregoing extracts were printed in the record so as to represent the original, as nearly as possible. The words "brick work" and "fireplace" were in capital letters as above.

A catalogue was produced at the trial entitled "Sketch Book

of the Philadelphia & Boston Face Brick Co.," and the design or representation of a fireplace therein, entitled "Sketch No. 12," together with the drawings of ornamental brick for the same, and description, were introduced in evidence, and it was agreed that this was the fireplace intended in the specifications.

Both parties agreed, and it was in evidence, that the method of obtaining the fireplace in question was to order it by its number from the Philadelphia and Boston Face Brick Company, and that that company would send all the parts complete, the pieces in special shapes, and ornamental pieces numbered to fit in their proper places, and a sufficient quantity of face brick to be laid with them to complete the fireplace; and that said Philadelphia and Boston Face Brick Company had on hand the parts so going to make up the fireplace, ready for shipment when ordered by its number.

It appeared in evidence that the plaintiffs built the core of this fireplace including the flues, that is, the rough brick work for the interior, around and upon which the fireplace as designed was to be put. When afterwards the fireplace was put up, the core had to be trimmed somewhat to make it fit.

At the trial, the plaintiffs contended that the contract entered into between the parties did not require the plaintiffs to furnish and set the No. 12 Philadelphia and Boston fireplace, but the defendant contended that this was included under the term "brick work" in the agreement and specifications.

The plaintiffs, to support their contention, offered evidence of conversations between one of the plaintiffs and the defendant, before and at the time the plaintiffs made their bid, tending to show that the words "brick work" as used in the specifications and agreement were not intended to include the fireplace subsequently mentioned in the specifications; and also evidence that according to custom and usage, among those in the trade and business of brick masons, builders, and contractors in Lawrence, the words "brick work" do not include a No. 12 Philadelphia and Boston Face Brick Company's fireplace such as named in the specifications.

The defendant objected to this evidence and asked the judge to rule and instruct the jury, that the term "brick work" as used in the specifications and agreement included the fireplace

in question, and that upon the proper construction of the instruments the defendant was as matter of law entitled to a verdict.

The judge ruled that the specifications were ambiguous, and did not clearly show whether the words "brick work" included the term "fireplace," and the No. 12 fireplace therein subsequently mentioned, or not; that evidence was admissible to apply the contract to the subject matter, and to show and ascertain the thing meant by the language used.

The defendant excepted to this ruling.

Maurice Daly testified, that he applied to the defendant to bid upon the brick work, that the defendant gave him the specifications and told him to do so, leaving out the fireplace, saying that the defendant had ordered that, that the next day he went to the defendant and told him that they would do the brick work without the fireplace for $950, and that after some conversation the price was reduced to $900, and the defendant told him to write the paper above printed dated August 19, 1898, which he did, and that he brought the paper back to the defendant, and said as he handed it to him that that did not include the fireplace.

The plaintiff further introduced the evidence of masons, contractors, and builders, who testified that there was a custom and usage in the business that such a fireplace as the one in question, when specified in building specifications in the manner adopted in this case, is not included under the term "brick work," and that an agreement to do the brick work under such specifications does not according to such usage include such a fireplace.

The defendant introduced evidence tending to contradict the plaintiffs' evidence as to what took place at the time of the agreement, and also to contradict the evidence introduced by the plaintiffs as to custom.

The judge left it to the jury upon this evidence, to say whether the fireplace was brick work within the meaning and contemplation of the agreement, which the plaintiffs made, to put in and construct the brick work of the house.

The jury found for the plaintiffs for the amount in controversy, and, at the request of the parties, the judge reported the case for the determination of this court. If the ruling given was erroneous, and the ruling requested by the defendant should have been

given, and the evidence rejected, the verdict was to be set aside, and judgment entered for the defendant; otherwise judgment was to be entered upon the verdict.

*C. A. De Courcy & W. Coulson,* (*L. S. Cox* with them,) for the defendant.

*J. P. S. Mahoney,* for the plaintiffs.

KNOWLTON, J.   This case comes before us on a report which presents the question whether it should have been ruled as matter of law that the " No. 12 Phila. & Boston Face Brick Co.'s red pressed brick fireplace " mentioned in the specifications, was a part of the brick work referred to in the following agreement in writing: " Lawrence, Mass., August 19, '98. I, the undersigned, do hereby agree to complete brick work, lathing and plastering, as prescribed in plans and specification, on house of John J. Cummings at Lawrence St. Cor. Chestnut, for $900.   Maurice Daly."   We are of opinion that it should have been so ruled.   The specifications under the head " Brick Work " contain eight paragraphs, the first two relate to the chimneys, then comes the word " fireplace " in large letters, with six paragraphs, as follows :

" Provide proper foundation for and furnish and set in position as shown on plan a No. 12 Phila. & Boston Face Brick Co.'s Red Pressed brick fireplace.   To be provided with Murdock Cast Iron thwat and ash dump.

" The bricks to be laid in dark red mortar, 1-2 cement, laid to very close straight joints and in a thoroughly workmanlike manner.

" Start chimneys on stone levellers which Stone mason will leave in cellar.

" The chimneys and piers connected with them to be laid up in pure cement mortar from cellar bottom to level of first floor.

" All partitions enclosing stairways leading to upper floors must be filled in between studs with bricks and mortar and plastered on both sides on metal lathing, according to Article 7 of Form No. 60 State Inspector's Spec. Blank.

" Where floor timbers rest on partition caps the spaces between them from cap to top of timbers must be filled in solid with good light bricks laid in lime mortar, and all joints flushed full."

The fireplace mentioned in the first paragraph is described and pictured in a catalogue of the Philadelphia and Boston Face Brick Company, and the method of obtaining it was to order it by its number from this company, who would send the parts complete, with pieces in special shape, and a sufficient quantity of face brick to be laid with them to complete the fireplace. "The plaintiffs completed core of this fireplace including the flues, that is, the rough brick work for the interior, around and upon which the fireplace as designed was to be put. When afterwards the fireplace was put up, the core had to be trimmed somewhat to make it fit." It is plain that the last four paragraphs relate to brick work included in the plaintiffs' contract. It is almost as plain that the paragraph which immediately precedes these, and which prescribes the kind of mortar to be used and the manner of laying the bricks, describes brick work within the meaning of the plaintiffs' agreement. The front of the fireplace differs from the rest only in the requirement that the material must be of a certain kind which can be procured of only one manufacturer. This material is ornamental brick work which is to be connected with the other brick work. In the general specifications for brick work it is included with specifications for other brick work immediately before and after it. We think, under the admitted facts, that the court should have ruled as a matter of law that the fireplace was included as a part of the brick work referred to in the plaintiffs' agreement, and that the parol evidence to show that it was not, was incompetent.

According to the terms of the report the verdict must be set aside, and there must be

*Judgment for the defendant.*