PUFFER MANUFACTURING COMPANY *vs.* JAMES H. KRUM, JR.

SAME *vs.* SAME.

Berkshire.    October 4, 1911. — October 21, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Contract*, In writing.  *Evidence*, Extrinsic affecting writings, Admissions.  *Practice, Civil*, Answer.  *Damages*, In recoupment.  *Agency*, Scope of authority.

Where, at the trial of an action upon a promissory note given as part of the purchase price of a soda water fountain furnished by the plaintiff to the defendant, it appears that before the note was delivered by the defendant the fountain had been delivered by the plaintiff to the defendant in accordance with an order in writing signed and delivered to a salesman of the plaintiff by the defendant, that there was no ambiguity in the description of the property in the order, that the order contained a stipulation that there were no agreements with the salesman except those therein stated and that the defendant would make no claim for anything not specified therein, that the fountain as furnished complied with the terms of the order and was reasonably fit for the uses and purposes for which it was intended, and that there was no suggestion by the defendant that there was any fraud on the part of the plaintiff, the defendant cannot introduce evidence of conversations between him and the plaintiff's salesman before the order was signed in which the salesman made statements regarding the quality of material, workmanship, finish and design of the fountain.

Where, in an action upon a promissory note alleged to have been given to the plaintiff by the defendant as part payment for a soda water fountain furnished upon the defendant's order in writing, it appears that a working plan furnished by the plaintiff was improperly drawn in such a manner as to make it necessary for the defendant to cut new holes in the fountain for outlet pipes and to rearrange the plumbing at a cost of $100, but the answer contains no claim for damages in recoupment, the defendant is not entitled to have the amount of the expense thus incurred by him deducted from the amount due to the plaintiff on the note, but he should seek his remedy by a separate action.

The mere fact, that a manufacturer of soda water fountains gives to a marble worker, whom he has employed to set up a fountain for a purchaser, authority to receive delivery from the purchaser of a contract of conditional sale and lease of the fountain and of a cash payment and certain notes covering the purchase price, does not show that the employee had authority to bind the manufacturer by an admission as to imperfections in the fountain or by a statement that the manufacturer would "make things right," and in an action by the manufacturer against the purchaser on the notes given in part payment evidence of such an admission and statement is inadmissible.

DeCOURCY, J.    On June 28, 1906, the defendant signed and delivered to one Wood, a travelling salesman of the plaintiff corporation, an order for a soda fountain and apparatus.    The order

described in detail the goods, the price and terms of payment. It contained no warranty of quality in material or workmanship. In the margin were printed the words: "There are no agreements with your salesman except those herein stated and no claim will be made by me for anything not specified herein." It was taken by the salesman subject to the approval of the plaintiff.

The plaintiff completed the fountain which was a "Constellation No. 23," and sent it from the factory to the defendant's store in North Adams, where it was set up by one Grant, a marble worker in the plaintiff's employ. Thereupon on September 10, 1906, the defendant, in accordance with the terms of his order, delivered to Grant a lease of the fountain and apparatus, a check for $1,000 and fifty-four notes for the balance of the purchase price. The first twenty-four notes were paid as they became due. These actions were brought to recover the amount of seventeen of the notes that matured and were not paid.

The cases were referred to an auditor [*] with an agreement of the parties that his findings of fact should be final. Later they were heard upon the auditor's report by a judge of the Superior Court,[†] who found for the plaintiff for the full amount of the notes. The judge refused to make certain rulings of law requested by the defendant, and the cases are here on exceptions to such refusal and to the finding for the plaintiff.

The issues intended to be raised by the exceptions are (1) The admissibility of the conversations between the defendant and the plaintiff's salesman Wood previous to the written contract, descriptive of the quality of the material and workmanship in the soda fountain; (2) the sufficiency of the evidence to warrant a finding that the defendant accepted the fountain as a fulfilment of the contract of purchase; and (3) the right of the defendant to recoup for the cost of changes in the foundation and plumbing.

The auditor's findings establish the facts that the fountain as furnished and set up by the plaintiff complies with the terms of the defendant's written order and is the fountain described in the lease, and that it is reasonably fit for the uses and purposes for which it was made and intended. There is no ambiguity in the description of the property sold, and no suggestion of fraud.

[*] Carlton T. Phelps, Esquire.          [†] *Crosby,* J.

The parties intended the writing to be the complete and final record of all the terms agreed upon between them, and expressly so stipulated. Consequently the statements of the agent at and before the giving of the written order, regarding the quality of material, workmanship, finish and design, were properly excluded as an attempt to vary the effect of the written contract. *Neale* v. *American Electric Vehicle Co.* 186 Mass. 303. *Mears* v. *Smith,* 199 Mass. 319.

In view of the auditor's finding that the plaintiff complied with the terms of the written contract, the requests on the issue of the defendant's acceptance become immaterial. But we do not mean to intimate that the auditor was not justified in his finding, that the giving of the lease and check and payment of the notes after the defendant had full knowledge of the imperfections in the fountain was in fact an acceptance of the fountain as a fulfilment of the contract of purchase.

The auditor found that the working plan furnished by the plaintiff was improperly drawn in such manner as to necessitate cutting new holes in the foundation for the outlet pipes and rearranging the plumbing. This work was done by the defendant at an expense of $100 and the auditor found that he should be allowed that amount. The trial judge did not credit the defendant with this sum, and the requests for rulings apparently do not raise any issue on the right to recover for this expenditure. However the charge could not properly be allowed on the pleadings as the defendant set up no claim of recoupment, and he must now seek his remedy by a separate action. *Hodgkins* v. *Moulton,* 100 Mass. 309. *Jackman* v. *Doland,* 116 Mass. 550. *Wentworth* v. *Dows,* 117 Mass. 14.

The first, second and fourteenth * requests clearly could not be

---

* The first and second requests were to the effect that on the pleadings and the auditor's report the plaintiff could not recover and that the defendant should have judgment. The tenth and the fourteenth requests were as follows:

"10. That the evidence of the statements made by the defendant to Grant and by Grant to the defendant at the time of the giving of the lease and notes should have been admitted."

"14. That the finding of the auditor that the soda fountain delivered was reasonably suitable for the purpose intended was erroneous."

As to the statements referred to in the tenth request, the auditor's report

given, on the facts found by the auditor. The tenth was rightly refused, as there was no evidence that Grant had any authority to bind the plaintiff by his statements. What we have already said disposes of the remaining requests, so far as they raise any issues of law.

*Exceptions overruled.*

The cases were submitted on briefs.

*C. J. Parkhurst, C. P. Niles & H. P. Drysdale,* for the defendant.

*M. E. Couch,* for the plaintiff.

shows that the defendent offered evidence tending to show that, at the time of setting up the fountain and of receiving the lease from the defendant, Grant stated in substance that the plaintiff would " make things right " as to certain imperfections in the fountain furnished. The auditor reported that " it was not shown in evidence that Grant had authority from the plaintiff to act as its agent in other respects than to set up the fountain according to the plans provided for him and to receive delivery of the several notes and lease from the defendant, and receive the defendant's check for the balance of purchase price."