GUY LOOMER & another *vs.* FRANK S. HARLOW.
FRANK S. HARLOW *vs.* GUY LOOMER & another.

Middlesex.    March 6, 1913.—May 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Contract,* Construction.  *Evidence,* Extrinsic affecting writings.

Where by an agreement in writing it is stipulated that a contractor shall
   " provide all the materials and perform all the work for the erection and
   completion of a frame apartment building . . . as shown on the drawings
   and described in the specifications " prepared by the architect, and in the
   specifications referred to it is stipulated that " this contractor shall furnish
   materials, labor, apparatus, etc. to paint and finish all the outside and in-
   side woodwork, and all the outside and inside metal, including the ornamen-
   tal iron work," the contract with the incorporated specifications is clear and
   unambiguous as to the painting required to be done by the contractor, and,
   in an action founded upon it, cannot be controlled or varied by evidence of
   a previous or contemporaneous oral agreement that the contractor was not
   required to do the painting.

DE COURCY, J.  These are cross actions arising out of a written
agreement for the erection of a building, made between the parties
Loomer and Allen, hereinafter called the contractors, and Frank
S. Harlow the owner.  It was agreed therein that the contractors
should "provide all the materials and perform all the work for the
erection and completion of a frame apartment building . . . as
required by them as general contractors, as shown on the drawings
and described in the specifications" prepared by the architects.

The principal question in dispute between the parties is whether
the contractors were bound by the written agreement to do the
painting.  Admittedly this work was done by the owner with the
knowledge of the contractors, and he seeks to recover the value
thereof either in his cross action, or by deduction from the con-
tract price in the action brought by the contractors.  In support
of his claim he seasonably contended at the trial before the auditor
and afterwards before the judge,* that the written contract was
clear and unambiguous as to the painting and could not be varied

* *Ratigan, J.*

by parol evidence. The question is before us on the owner's exceptions to the refusal of the judge to give the following rulings requested:

"5. That the said written contract together with the said specifications is clear and unambiguous and establishes what material said Loomer and Allen were to provide and what work they were to perform and what sum of money they were to receive for the same.

"6. That according to the terms of the written contract said Loomer and Allen were legally bound to find all the materials, labor, apparatus, etc., for painting and finishing all the outside and inside woodwork and all the outside and inside metal, including the ornamental iron work as called for in the specifications at page 29."

We are of opinion that these rulings should have been given. The specifications referred to in the contract expressly provided that "This contractor shall furnish materials, labor, apparatus, etc. to paint and finish all the outside and inside woodwork, and all the outside and inside metal, including the ornamental iron work." It is apparent from the written agreement and was clearly understood by the parties and the architect, that the painting was embraced in the specified work of the "general contractors," together with the mason work, plastering, carpenter, iron and other work set out in the specifications. Even if it should be assumed that there is some ambiguity in the language as to allowances, as suggested by the auditor, there is no ambiguity on the subject of the painting.

If, by reason of mistake or misapprehension, this requirement of painting was included improperly, or the allowance therefor was omitted from the stipulated contract price, the remedy, if any, open to the contractors was by reformation of the contract. But under the well settled law, the parties having deliberately put their agreement in the form of a written contract, which was not ambiguous on this subject at least, that contract could not be varied or controlled by parol evidence; and the conversations alleged to have occurred at and before the time the contract was signed were improperly admitted for the purpose of showing that the contractors were not required to do the painting. *Daly* v. *Kingston*, 177 Mass. 312. *Farquhar* v. *Farquhar*, 194 Mass. 400,

405. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122, 132. *Puffer Manuf. Co.* v. *Krum,* 210 Mass. 211.

The error affects the verdict for the contractors under whichever count it was rendered. There could be no recovery under the second count averring performance of the written contract, because the proof shows a variance. *Allen* v. *Burns,* 201 Mass. 74. And the first count is expressly brought for the balance of "the amount of contract." *Hayward* v. *Leonard,* 7 Pick. 180. *Bowen* v. *Kimbell,* 203 Mass. 364.

In both actions the entry must be

*Exceptions sustained.*

*H. R. Bailey,* (*O. C. Scales* with him,) for Harlow.
*F. J. Carney,* for Loomer and Allen.