AMERICAN LOCOMOTIVE COMPANY *vs.* NATIONAL WHOLESALE
GROCERY COMPANY, INCORPORATED.

Bristol.    October 24, 1916. — March 10, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract,* Construction.    *Sale,* Guaranty.    *Motor Vehicle.    Words,* "Break."

Where a manufacturer, in a contract in writing under which it sold a motor truck
to a wholesale grocery company, agreed "to repair or replace at its garage . . .
or at its factory . . . free of charge any parts of said chassis (tires excepted)
which may break under the normal service of purchaser, within one year after
delivery thereof, because of defective material or workmanship, or at vendor's
option to deliver to purchaser, at vendor's garage, . . . free of charge, new
parts to replace any parts that may so break," and where at the time of the
sale the crank case was cracked, by reason of which the oil leaked, causing the
bearings in the motor, which were in good condition at the time of the sale,
to burn out about two weeks after the sale, the manufacturer is bound to re-
pair or replace the bearings as well as the crank case, because the agreement
of guaranty extends to all machinery that breaks down by reason of any defect
existing in the material or workmanship, and the word "break" is used in
a broad sense to include any kind of giving way resulting from the defects
mentioned.

CONTRACT for repairs made in replacing burned out bearings
in a motor truck that had been made by the plaintiff for the
defendant.    Writ dated January 9, 1914.

The defendant's answer set up the contract between the par-
ties, of which the material portion is quoted in the opinion.

In the Superior Court the case was tried before *King,* J.    The
evidence, the rulings asked for by the defendant and refused by
the judge, and the instructions given by him to the jury are de-
scribed in the opinion.    The jury returned a verdict for the plain-
tiff in the sum of $100; and the defendant alleged exceptions.

The case was submitted on briefs.

*D. R. Radovsky,* for the defendant.

*F. W. Johnson,* for the plaintiff.

CARROLL, J.    The plaintiff sues for repairs made in replacing
burned bearings with new ones in a motor truck sold by it to the
defendant, the contract of sale providing, "Vendor covenants and
guarantees to repair and replace at its garage in the city of Boston,

or at its factory in the city of Providence, R. I., free of charge any parts of said chassis (tires excepted) which may break under the normal service of purchaser, within one year after delivery thereof, because of defective material or workmanship, or at vendor's option to deliver to purchaser, at vendor's garage, in the city of Boston, free of charge, new parts to replace any parts that may so break." The jury found for the plaintiff.

There was evidence that the crank case was cracked at the time of the sale, by reason of which the oil leaked, causing the bearings in the motor to burn. This happened about two weeks after the sale. There was no evidence that the bearings themselves were defective, or "that . . . the work" was done "upon defective parts."

The defendant asked the judge to rule: "2. If the jury find the bearings burned out as a result of defective oiling system, then the jury should find for the defendant;" and "3. If the jury should find that the repairs were made necessary because of defective part or parts, then the jury should find for the defendant." These requests were refused, the judge instructing the jury in effect, if the crack existed in the crank case at the time of sale, the defendant had the right to call upon the plaintiff to replace it with a perfect one, not to pay the damages resulting from the leakage; and that the bearings themselves not being imperfect at the time of sale, the plaintiff was not obliged to restore them because of the defect in the crank case causing them to wear out.

There was error in refusing the third request of the defendant and in the instructions given. The plaintiff in the contract of sale guaranteed to repair and replace the parts of the chassis which became impaired, within one year, under normal service, because of defective material or workmanship; or, at its option, to deliver to the defendant at its garage in Boston parts to replace any parts so broken. Construing this stipulation with reference to the subject matter of the contract, the obligation of the plaintiff, to restore or deliver defective parts, was not confined merely to parts which were themselves defective. It extended to all the machinery which broke down because of defects existing in the material or workmanship. While the plaintiff had the option of delivering parts to take the place of broken ones and was not

bound to make the repairs and restore them to the motor truck, its obligation was either to restore or deliver all the parts which became useless under normal service because of any defect in material or workmanship, (although there was no defect in the particular parts which had so broken and although there was no defective material or workmanship in such parts,) if they gave way because of defective material or workmanship existing in other and different parts of the chassis. The parties contracted for the sale and purchase of an automobile. If the bearings burned out it became equally inefficient, whether the defect causing the condition was in the bearings or in other parts of the machinery. If the fact was established that because of a defect in the crank case, the bearings wore out in two weeks under normal use, the defendant could demand of the plaintiff their replacement or delivery, according to the contract, to the same extent as he could if they wore out in the same time because they were themselves defective.

Although the bearings did not fall apart or separate into pieces they wore or burned so as to be imperfect, and therefore were broken within the meaning of the agreement. The word "break" was not used in this clause of the contract in the limited sense signifying a separation into parts or fragments as a result of stress or force; the word was used in a broader sense indicating a weakness, impairment or destruction of parts, however caused, if resulting from the defects mentioned.

*Exceptions sustained.*