JOHN H. MACALMAN *vs.* EDWARD F. GLEASON.

Suffolk.   October 17, 1917. — November 27, 1917.

Present: RUGG, C. J. BRALEY, DE COURCY, & PIERCE, JJ.

*Contract,* In writing. *Evidence,* Extrinsic affecting writings.

In an action of contract for the price of repairs made upon a motor car of the defendant, it appeared that the defendant had bought the car from the plaintiff a few months before under a contract in writing signed by the parties, which appeared on its face to be a complete contract embracing all the particulars necessary to make a perfect agreement. It appeared further that before the sale the plaintiff had agreed orally that, if the defendant bought the car, he would guarantee it for a year, that is, "keep it in repair for a year." The defendant contended that this was a separate collateral agreement made as an inducement to the defendant to buy the car. *Held,* that the oral agreement purported to be a part of the bargain of sale and was not a mere inducement to enter into the sale, and that therefore the evidence concerning it should have been excluded and, having been admitted, could not be considered, the rights of the parties being defined by their agreement in writing.

CONTRACT for labor performed and materials furnished in repairing a motor car belonging to the defendant which he previously had bought from the plaintiff as a second-hand car. Writ in the Municipal Court of the City of Boston dated September 11, 1911.

On appeal to the Superior Court on June 3, 1912, the case was

tried before *Fox*, J. The contract in writing for the sale of the car by the plaintiff to the defendant was as follows:

"Sec-Hand Green car

Motor Car Order

"J. H. MacAlman

889 Boylston Street

Boston, Mass., December 16, 1910.

"We acknowledge receipt of your check for the sum of $1800.00 to apply upon your order entered this day as follows, viz:

"Second-hand Stearns Motor Car, Model 30/60 equipped with Chain Drive.

"G. Vaughan Body, Standard Tires and regular standard equipment. Color Body Maroon Color Running Gear Maroon Special Extras

Remarks: Equipment to include Cape top, Prest-o-Lite tank, five lamps, horn, pump, jack, and kit of tools, tire irons.

Price, inclusive of extras, $1800.00 f. o. b. Boston, Mass.

Terms: Cash upon acceptance of this proposal.

"To be delivered at Boston, Mass., on or before, at once, subject to strikes, accidents, transportation, unavoidable delays and causes beyond our control.

"It is expressly understood that, in event of failure on our part to make delivery upon the date and for the causes stated, the above payment will be refunded upon demand.

"J. H. MacAlman.

By Chas. I. Howell

Salesman.

"Accepted by Edward F. Gleason

Purchaser

By H. C. Prior

Address 535 Beacon St., Boston."

The testimony offered by the defendant in regard to an alleged oral agreement to guarantee the machine for a year, which is described in the opinion, was admitted in evidence by the judge subject to the plaintiff's exception.

The full amount claimed in the declaration was $509.53. The defendant contended that all of this except certain items amount-

ing to $113.37 was covered by the alleged guaranty. The judge submitted the case to the jury with the understanding and agreement of the parties that, if the finding of the jury was not for the full amount of the claim as set out in the declaration, namely, $509.53, the case was to be reported to this court for determination, with the further understanding that, if the evidence to prove the so called guaranty should have been excluded, judgment was to be entered for the plaintiff in the sum of $509.53. If on the other hand such evidence was admitted properly, judgment was to be entered by this court on the verdict.

The jury returned a verdict for the plaintiff in the sum of $113.37; and the judge reported the case for determination by this court with a stipulation in accordance with the understanding and agreement stated above.

*F. Juggins*, (*C. A. De Courcey* with him,) for the plaintiff.

*F. P. Garland*, for the defendant, submitted a brief.

PIERCE, J. This is an action of contract to recover $509.53 for labor alleged to have been performed on and materials furnished for a motor car purchased by the defendant from the plaintiff.

On December 16, 1910, after negotiations and numerous interviews, the plaintiff and the defendant drew up and signed a written agreement for the purchase and sale of a second-hand motor car for the price of $1,800 including extras. A copy of this agreement is printed above. At the time of the execution of the agreement the defendant paid the plaintiff the agreed price and the motor car was delivered two days afterwards. After the car had been delivered to the defendant and used by him, certain repairs becoming necessary, it was sent to the repair department of the plaintiff and the repairs were made. The defendant admitted that the charges in the items enumerated in the plaintiff's declaration were fair and reasonable but contended that the greater part thereof were covered by a contemporaneous oral agreement and guaranty of the plaintiff to keep the car in repair for one year from the date of purchase free of charge to the defendant.

It is the contention of the defendant that the oral agreement was collateral to the principal agreement and operated as an inducement for entering into it. Subject to the exception of the plaintiff, as evidence to prove the so called guaranty, the defendant was permitted to testify that the substance of the numerous

interviews was as follows: At a conversation at the defendant's house, "I said I did n't want a second hand car because they were always in the repair shop. . . . He said, 'This had been thoroughly overhauled . . . and if I bought it they would guarantee it for a year.'" To the question, "What do you mean?" the defendant answered, "Keep it in repair for a year." At an interview at the defendant's office, "I told him the car looked good, but I could not make up my mind to have a second hand car. . . . We went over the same conversation as the day before. He said there would not be anything like that in this car, that the car would be just as good as new, all the worn places thoroughly overhauled and they would guarantee it to me for a year." A third conversation was over the telephone: "He said, 'How do you feel about the car,' or something like that. I said, 'If this car as you say is thoroughly overhauled and you will guarantee it for a year, I will give $1,800 for it.' He said, 'All right. . . . We will accept your offer' and I told him I would be down. I think that was in the forenoon of December 14."

The admitted evidence tends to prove that at the time of the making of the final agreement of sale a further agreement was made that the car would be just as good as new, all the worn places thoroughly overhauled and that the plaintiff would guarantee it for a year. The writing signed by the parties appears on its face to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties. The evidence therefore should have been excluded unless the oral agreement relates to a subject independent of, distinct from, and collateral to the sale of the motor car. *Dutton* v. *Gerrish,* 9 Cush. 89. *Fitz* v. *Comey,* 118 Mass. 100. *Puffer Manuf. Co.* v. *Krum,* 210 Mass. 211, 213. *Glackin* v. *Bennett,* 226 Mass. 316.

We are of opinion that the oral agreement directly touched and concerned the use and enjoyment of the thing sold, that it was not a mere inducement for entering into the sale, that it was a part of the bargain of sale, and was not independent of or collateral to that sale. The case at bar cannot be distinguished in principle from *Brigham* v. *Rogers,* 17 Mass. 571, wherein it was held that where an estate was demised by lease, no action lay on a parol promise made by the lessor at the time of executing the

lease, that the water on the premises demised would be good, and that there would be enough of it, and if not that he would make it so. This decision was approved in *Durkin* v. *Cobleigh*, 156 Mass. 108; *Spear* v. *Hardon*, 215 Mass. 89; *Naumberg* v. *Young*, 15 Vroom, 331, 344; *Thompson Foundry & Machine Co.* v. *Glass*, 136 Ala. 648, 654.

It follows that the evidence should have been excluded, and that judgment should be entered for the plaintiff in the sum of $509.53 in accordance with the terms of the report.

*So ordered.*