### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

### FRED A. CARPENTER *vs.* WALTER J. SUGDEN.

Suffolk.   March 22, May 13, 1918. — June 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Sale*, Warranty. *Contract*, In writing. *Evidence*, Extrinsic affecting writings.

One, who purchased the good will of a garage and its equipment and received a bill of sale in writing and under seal containing this covenant by the seller, "I hereby covenant with the grantee that I am the lawful owner of the said goods, and chattels; that they are free from all incumbrances, that I have good right to sell the same as aforesaid; and that I will warrant and defend the same against the lawful claims and demands of all persons," in the absence of fraud inducing the sale, cannot maintain an action of contract against the seller for breach of an oral warranty as to the cost of the equipment purchased.

CONTRACT for breach of an alleged oral warranty of the cost of certain personal property sold by the defendant to the plaintiff by a bill of sale in writing and under seal.   Writ dated February 14, 1917.

The action was referred to an auditor and afterwards was tried before *McLaughlin*, J.   The material evidence is described in the opinion.   At the close of the evidence the defendant moved that a verdict be ordered for him.   The judge ruled that in view of a receipt and a memorandum and of the covenant of warranty contained in the bill of sale, described in the opinion, the plain-

tiff, as a matter of law, could not recover by reason of any such oral warranty as he relied on, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. I. Smith,* for the plaintiff.

*C. W. Rowley,* for the defendant, submitted a brief.

CARROLL, J. The plaintiff purchased from the defendant the good will of a garage and its equipment. The bill of sale was in writing under seal and contained this covenant: "And I hereby covenant with the grantee that I am the lawful owner of the said goods, and chattels; that they are free from all incumbrances, that I have good right to sell the same as aforesaid; and that I will warrant and defend the same against the lawful claims and demands of all persons." The plaintiff relied on an oral warranty that the articles constituting the equipment of the garage cost the defendant the amount set forth in the inventory. There was no evidence of fraud and the plaintiff received all the merchandise mentioned. The judge ruled that the plaintiff could not recover, and directed the jury to return a verdict for the defendant. The plaintiff excepted.

The contract of sale was in writing and contained the entire agreement of the parties. It could not be contradicted by oral evidence that the defendant warranted that the price of the chattels sold was the price paid by him. *MacAlman* v. *Gleason,* 228 Mass. 454. *Glackin* v. *Bennett,* 226 Mass. 316, and cases cited. *Goldenberg* v. *Taglino,* 218 Mass. 357, 359. *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194, 197. *Scholl* v. *Killorin,* 190 Mass. 493.

While parol evidence is admissible to identify the subject matter to which a written contract relates, *Swett* v. *Shumway,* 102 Mass. 365, *Keller* v. *Webb,* 125 Mass. 88, the evidence of the cost of the equipment was not offered for this purpose. It was offered to show an additional warranty not contained in the written bill of sale, and was therefore inadmissible.

*Exceptions overruled.*