BENFORD MANUFACTURING COMPANY *vs.* STANDARD TIRE AND RUBBER COMPANY.

Suffolk. March 2, 3, 1920. — March 31, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* In writing. *Evidence,* Extrinsic affecting writings.

An order in writing for goods, signed by the purchaser and containing provisions that no goods should be returned without permission of the seller, that no agreements other than those written on the order would be recognized and that verbal agreements with the salesman would not be recognized, is complete

and free from ambiguity; and if, in an action by the seller against the purchaser for the price of such goods, the defendant admits their receipt and that the price stated is correct, a verdict may be ordered for the plaintiff although it appears that, at the time of the signing of the order, the defendant and a salesman for the plaintiff had some conversation which led the salesman to make a memorandum on the order requesting the plaintiff to advise the defendant whether an exchange of certain goods, that formerly had been purchased of the plaintiff and then were held by the defendant in his store, could be made for the goods described in the order.

CONTRACT upon an account annexed for $412.50 for automobile spark plugs and timers sold by the plaintiff to the defendant. Writ in the Municipal Court of the City of Boston dated August 7, 1918.

Upon removal to the Superior Court, the action was tried before *Fox*, J. The material evidence is described in the opinion. At the close of the evidence, by order of the judge upon motion by the plaintiff, a verdict was entered for the plaintiff in the amount of his claim; and the defendant alleged exceptions.

*J. E. Crowley*, for the defendant.

*H. N. Guterman*, for the plaintiff.

CROSBY, J. This is an action to recover upon an account annexed for automobile spark plugs sold and delivered by the plaintiff to the defendant. At the close of the evidence, on motion of the plaintiff, the trial judge ordered the jury to return a verdict for the plaintiff for the full amount named in the declaration. To that order the defendant excepted.

At the trial the defendant admitted the receipt of the goods and that the market price was as stated in the account annexed. The goods were sold in accordance with a written order signed by the defendant, which contains among other provisions the following:

"Returns: No goods to be returned without permission of the Benford Manufacturing Company."

"No agreements other than those written on this order will be recognized.

"Verbal agreements with salesman will not be recognized."

The defendant contended and offered evidence to show that when it first began making purchases from the plaintiff the salesman of the latter told the defendant's purchasing agent that if any automobile plugs purchased were not salable the plaintiff would accept them for sizes that were salable. There was evidence that

when the goods in question were ordered the defendant's president, Cronin, had a conversation with the plaintiff's salesman respecting the return of some plugs previously purchased which were claimed by Cronin to be unsalable, and the salesman then stated that he had no authority to accept the plugs, and that it would be entirely within the power of the plaintiff to give such authority; and that a memorandum was made on the order blank for the plaintiff to advise the defendant whether or not the exchange could be made, as follows: "Look up letter about replacing long plugs. Want to return 100 1/2 1–100 7/8–200 Oakland for 400 1/2 regular Golden Giants." The defendant contended at the trial that it had returned the plugs mentioned in the memorandum and was entitled to be credited therefor.

The contract for the sale of the goods described in the written order was complete and free from ambiguity, and evidence was not admissible to vary or control its terms. No question is presented by the contract as to whether the price to be paid for the goods was all to be paid in money or part in money and part in other goods; it does not authorize the defendant to exchange plugs previously bought for those described in the order, whatever may have been the earlier, oral agreement of the parties. The written contract must be construed as requiring the defendant to pay for the goods ordered in cash, in accordance with its terms. It is not contended that the contract is unlawful or that the defendant is not bound thereby: it follows that it cannot be varied or modified by any oral agreement previously made by the plaintiff's salesman, or by what was said when it was entered into. *Barrie* v. *Quinby*, 206 Mass. 259. *Puffer Manuf. Co.* v. *Krum*, 210 Mass. 211. *Friedman* v. *Pierce*, 210 Mass. 419. *Loomer* v. *Harlow*, 214 Mass. 415. *MacAlman* v. *Gleason*, 228 Mass. 454.

As the plaintiff on all the evidence was entitled as matter of law to recover the full amount declared on, the order of the trial judge ordering a verdict for that amount was without error.

*Exceptions overruled.*