Sullivan, J.
This action of contract based upon a breach of a written warranty is succinctly stated by the trial-court in its finding which is based on credible evidence, i, e. This is an action in contract in which the plaintiff-seeks to recover for loss sustained by him because of failure of the defendant to furnish him, the plaintiff, with a motor truck in conformity with and as represented in a bill of sale signed by both the plaintiff and the defendant and known as Exhibit 1 introduced by the plaintiff, which exhibit reads as follows: that is its material parts:—
Somerville, Mass. Feb. 24,1942
Lincoln Road, Concord, Mass.
J. Britt, Concord Road:
1G. M. C. Truck.......... $600.00
body to be mounted, credit . 20.00
Balance $580.00 to be paid Feb. 25-43
*150 (the engine, serial and model numbers omitted)
on delivery. Motor has been reconditioned. Truck is guaranteed against defective parts for 30 days: Also brakes relined. Bennett Auto Exchange Sam Schertzer Received payment in full Bennett Auto Exchange Samuel Schertzer Feb. 26/42
There was evidence tending to show, as brought out in cross-examination by counsel for the defendant, that the plaintiff on the day after he received the truck he “drove back to the place of business of the defendant with a bad tire”; that “2 days later had trouble because of lack of oil pressure” that the following Monday about March 2, and the next time about a week following he complained about the conditions of the truck; the universal joint, the driving shaft, the piston rod went through the cylinder head and he complained 3 times to the defendant about truck conditions. There was further evidence tending to show that on March 17, within the 30 days, there was a defective shaft and that the bearings were burned out and that the plaintiff telephoned to the defendant about the conditions and that the defendant answered that he had no parts on hand and had no mechanic, and the plaintiff had to pay for fixing of the bearings and the defective shaft. The defendant took exception to this testimony and claimed a report. The plaintiff further testified that he told the defendant that the truck did not have as much oil pressure as other trucks, to which the defendant replied “don’t cross a bridge until you reach it.” That the plaintiff did not drive truck after March 24. The defendant testified that the plaintiff complained about the oil pressure, and again about the driving shaft; that the defendant told plaintiff to bring the truck to his place of business and he would look it over, to which the plaintiff answered, “The truck is in New Hampshire, in Milford, and I want you to come and fix it.” The defendant introduced exhibits showing work on truck in July and *151 August 1941; defendant further testified that “new bearings would not be loose.” There was testimony of an expert who had examined the truck and made repairs on it March 2, March 12 and March 17, that he found the oil pressure bearings loose; that he straightened the shaft and repaired the universal joint, which expert has been a mechanic in Lincoln since 1915. Court finds under the pleadings and the evidence that the plaintiff is not entitled to compensation for a loss in business. Court “finds as a fact that the plaintiff is entitled under the pleadings and the evidence to such sum as it would cost to put the truck in a reasonable good -condition; such sum Court finds as $150 and such sum as the plaintiff paid out to repair said truck within the said 30' day period, namely $28.95, a total for the plaintiff of $178.95. On all the evidence and the facts Court finds for plaintiff in the sum of $178.95.
There was contradictory evidence offered by the defendant of the condition of the truck after its sale and inconsistent statements of the plaintiff from the answers given to interrogatories propounded to him and his testimony given at the trial which for the purpose of this opinion are unnecessary to set out because of the findings of the Court.
The defendant filed fourteen requests for rulings of which the following were denied. 2. The plaintiff has not sustained- the burden of proving that the defendant was guilty of any breach of an express warranty. 4. The plaintiff has not sustained the burden of proving that the truck in question has not been reconditioned as represented. 5. The statement in the bill of sale that the “Motor has been reconditioned” is not an express warranty that the work of reconditioning was done in a workmanlike manner. 6. The mere proof by the plaintiff that certain parts were broken or that the truck had broken down is not evidence that the parts were defective or that there was a breach of the guar *152 anty. 7. The defendant’s guaranty “against defective parts for 30 days” imposed no greater duty on the defendant than to furnish the plaintiff with another part to replace the defective part. 8. The defendant’s guaranty “against defective parts for 30 days” did not impose a duty on the defendant to do the work of replacing the defective parts. 11. The plaintiff’s notice of breach of warranty was insufficient in that it did not set out with sufficient particularity the defects complained of. 12. The plaintiff’s damages, if any, are the difference between the value of the truck as allegedly represented and guaranteed, and its value due to the alleged misrepresentation and breach of guaranty, if any. 13. As a matter of law the 'Court must find for the defendant. 14. There was no express warranty that the truck was in good condition to be used for the purpose for which it was bought, as a matter of law.
The court in denying such requests found as a fact that the defendant breached its contract; that the truck was not reconditioned as represented; that the essential machinery necessary to the practical operation of the truck; such as the universal joint, driving shaft, piston rod, oil pressure bearings were defective and prevented the plaintiff from using the truck on March 2, 12 and 17 all within the thirty day period in the bill of sale, and for which the plaintiff expended money to repair same.
It is stated that the report contains all the evidence material to the issues involved.
. At the hearing before this division in open court the plaintiff waived “all claims of report to issues raised in the District Court.” The docket entries show that the plaintiff requested a report, his request being the first filed. He also filed a draft report. The allowance of only one report appears in the docket entries, nothing shows which report was allowed. In the plaintiff’s brief it appears on page one that the plaintiff appealed because of the refusal of the *153 court to consider loss of profit as a loss of damages. It therefore appears after the trial, the plaintiff made a request for a report and filed a draft report, none of which appears in the report before us. We take it to mean that the waiver made at the hearing that he waived all claims of report of any error claimed in his request for a report and his draft report, leaving as the only issue before us the matter contained in the report originating from the defendant. In other words, he waives all question of damages as found by the trial judge and stands only in defense of the finding before us.
The objections to the admission of evidence do not seem to have been saved by the defendant . . . for the reason that no request for report was filed on any of them within five days of the trial. Rule 27 District Court Rules at p. 27.
The defendant’s request for rulings 2 and 4 were for findings of fact, which the judge had the right to deny. Request 5 was properly denied. Henshaw vs. Robins, 9 Met. 83 at 88. Request 6 was rightly denied because the action was one of contract and not of tort. See Bruns vs. Jordan Marsh Co., 305 Mass. 437 at 443. Requests 7 and 8 were properly denied and the citations of law by the defendant are to be distinguished by their facts and are not in point. American Locomotive Co. vs. National Wholesale Grocery Co., 226 Mass. 314. Request 11 was properly denied because a mere complaint is sufficient notice of breach. Nashua River Paper Co. vs. Lindsay, 249 Mass. 365, 369, 370. Morim vs. Stromberg, 309 Mass. 146, 149 and cases cited.
Request 12 was wrongly denied because it states the correct rule of damages and the trial court applied another.
The theory of damages for a breach of contract calls for the determination of the. amount of money necessary to put a plaintiff in the same position he would be in if the contract had been fulfilled. Cragin vs. Jones, 283 Mass. 474, *154 479 and cases cited. F. A. Bartlett Tree Expert Co. vs. Hartney, 308 Mass. 407, 411, 412. Hall vs. Paine, 224 Mass. 62, 65. Snelling vs. Dine, 270 Mass. 501, 506.
It is stated in National Wholesale Grocery Co., Inc., 251 Mass. 238 at 249, 250 that “the rule of damages by which the plaintiff under appropriate pleadings may recover, is the one ordinarily applicable in actions by a buyer for breach of warranty in a contract for the purchase of goods delivered to and accepted by him. The rule is the difference between the market value of the property contracted to be sold in the condition required by the contract at the time and place stipulated, and its actual market value.” See cases cited at p. 250.
The trial judge clearly shows that he -did not have the correct ruling of damages in mind, because he “finds as a fact that the plaintiff is entitled under the pleadings and the evidence to such sum as it would cost to put the truck in a reasonably good condition; such sum court finds as $150 and such sum as the plaintiff paid out to repair said truck within the said 30 day period, namely, $28.95, a total for the plaintiff of $178.95.” If the court had applied the correct rule as to damages a different finding as to the amount due the plaintiff might have been made.
Request 13 was rightly denied because the trial court could not find for the defendant as matter of law as the evidence was conflicting. Milmore vs. Landau, 307 Mass. 589.
Request 14 was erroneously denied. As stated in Glackin vs. Bennett, 226 Mass. 316 and Macalman vs. Gleason, 228 Mass. 454, the written contract between the parties fully set out and fixed their legal rights. No paroi testimony should have been admitted to vary, control or enlarge their rights or duties. A careful scrutiny however of the trial judge’s findings of fact showk that he made no use of the paroi testimony offered to the effect that the truck was expressly warranted for a particular use, but based his de *155 cisión wholly upon a breach of the written contract. From his voluminous findings it is apparent that such a warranty as the request refers to was not a factor in the decision. If he had given the request, as he should have, the result, after his detailed findings, could have been no different. As the case stands, his improper denial of the ruling was not a factor in the result.
A new trial is ordered on the question of damages only.