[No. 35430.   Department Two.   April 13, 1961.]

J. A. NORWAY et al., Respondents, v. ELDON A. ROOT et al., Appellants.*

Lewis A. Bell, for appellants.

Sweet & Merrick and Donald R. Douglas, for appellant Ford Motor Company.

Victor Haglund, for respondents.

HILL, J.—This is an action involving an express warranty that each part of an automobile shall be free from defects in material and workmanship.

The purchaser of a new Lincoln automobile, within thirty days after its acquisition and before it had been driven four thousand miles, discovered that a fire in the dashboard area had occasioned considerable damage. The insurance company of the purchaser paid him the sum of two thousand five hundred dollars for the damage sustained. The purchaser then turned the damaged automobile and the two thousand five hundred dollars over to the dealer and received a new Lincoln.

His insurance company, believing itself to be properly subrogated to all of the rights of the purchaser, brought an

*Reported in 361 P. (2d) 162.

action on the dealer's express warranty that each part was free from defects in material and workmanship, alleging that the fire which caused the damage was the result of a defective starter switch. The warranty, so far as here material, reads as follows:

"Dealer warrants to Purchaser (except as hereinafter provided) each part of each Ford Motor Company product sold by Dealer to Purchaser to be free under normal use and service from defects in material and workmanship until such product has been driven, used or operated for a distance of four thousand (4,000) miles or for a period of ninety (90) days from the date of delivery to Purchaser, whichever event first shall occur. . . . Dealer's obligation under this warranty is limited to replacement of, at Dealer's location, or credit for, such parts as shall be returned to Dealer with transportation charges prepaid and as shall be acknowledged by Dealer to be defective. . . . This warranty is expressly in lieu of all other warranties, express or implied, and of all other obligations or liabilities on the part of the Dealer, except such obligation or liability as Dealer may assume by its Authorized Lincoln Dealer's Service Policy or separate written instrument."

The dealer—while contending that no breach of warranty had been established and that, if there has been, there was no obligation to do more than replace the starter switch alleged to be defective—cross-complained against the manufacturer on the theory that if the plaintiff received a judgment against the dealer, the dealer should have a judgment over against the manufacturer on the basis of a similar warranty by the manufacturer to its dealers. (Our conclusion that there could be no recovery against the dealer, makes a consideration of the manufacturer's warranty unnecessary. It should be noted that this is not an action by the purchaser against the manufacturer, but only against the dealer. The manufacturer is a party solely by reason of the dealer's cross-complaint.)

The trial court found that the fire was caused as the result of a defective starter switch, as alleged; that the purchaser's insurance company was subrogated to all of the rights of the purchaser and was, on the basis of the dealer's warranty,

entitled to recover against the dealer the two-thousand-five-hundred-dollar damage which had resulted from the defective starter switch. This was based on the dealer's stipulation that the automobile had been damaged in that amount by the fire. The dealer, in turn, was given a judgment over against the manufacturer for $2,283.59, apparently based on the cost of the parts which had to be replaced and the labor in replacing them, plus sales tax.

■ The dealer and the manufacturer appeal. If we assume that it was proved that the fire was the result of a defective starter switch, and if we assume that the insurance company was subrogated to the rights of its insured (as to which we entertain substantial doubt), the judgment must be reversed because we have interpreted similar warranties to mean just what they say, *i.e.,* that on the breach of the warranty that each part of each machine is free from defects in material and workmanship, the warrantor's only obligation is to replace the defective part. *Crandall Engineering Co. v. Winslow Marine R. & Shipbuilding Co.* (1936), 188 Wash. 1, 61 P. (2d) 136, 106 A. L. R. 1457. Attention is directed to the cases from other jurisdictions referred to in the A. L. R. annotation: 106 A. L. R. 1466. See, also, later cases such as *Fire Ass'n of Philadelphia v. Allis-Chalmers Mfg. Co.* (1955), 129 F. Supp. 335; *Shafer v. Reo Motors* (1953), 205 F. (2d) 685; *Runco v. Brockway Motor Co.* (1949), 164 Pa. Super. 240, 63 A. (2d) 397. We have recently considered this same warranty in *Dimoff v. Ernie Majer, Inc.* (1960), 55 Wn. (2d) 385, 347 P. (2d) 1056, where we reaffirmed the holding in the *Crandall* case, but found no breach of warranty by the dealer and no privity between the plaintiff and the manufacturer.

We are aware that an express warranty of this character, which purports to be a disclaimer of all implied warranties, is under severe attack;[1] especially is this true as it relates

---

[1] *Myers v. Land* (1950), 314 Ky. 514, 235 S. W. (2d) 988; Gillam "Products Liability in the Automobile Industry" (1960), (2d ed.) pp. 174 *et seq.;* Vold "Law of Sales" (1959), § 91; Frumer & Friedman 1, Products Liability (1960), § 16.04 [2] [e]; "Warranties of Kind and Quality under the Uniform Revised Sales Act" (1948), in 57 Yale L.

to the disclaimer contained in the warranty with which we are here concerned, which is the uniform warranty form adopted by practically the entire automotive industry. The purchaser is in no position to bargain, because practically all manufacturers (including the so-called "Big Three") and their dealers all insist upon this particular warranty. The protection offered by the warranty and disclaimer is illusory; it takes away so much of implied warranty and gives so little of express warranty. The very recent case of *Henningsen v. Bloomfield Motors, Inc.* (1960), 32 N. J. 358, 161 A. (2d) 69, contains the best-documented criticism we have found. It brands the attempted disclaimer of an implied warranty of merchantability and of the obligations arising therefrom as so inimical to the public good as to compel an adjudication of its invalidity.

We are, therefore, at some pains to make it clear that in this particular case the respondent makes no claim based on an implied warranty, but relies on the express warranty relative to defective parts; and its claim is that the parts which were damaged by the fire caused by the defective starter become, in turn, defective parts and they thus come within the warranty. This is made clear by the following quotation from the respondent's brief:

"The problem at hand is not one concerning consequential damages, *e.g.,* loss of use, smoke damage to garage, and so forth, but is a problem of actual defective parts of the automobile.

"There is no question of negligence involved, and only a question of whether or not the parts for which the $2,500 was allowed were defective when the automobile was returned to Root."

The respondent, for this interpretation of the warranty, cites and relies on but one case—*American Locomotive Co. v. National Wholesale Grocery Co.* (1917), 226 Mass. 314,

---

Jour. 1389 (pp. 1400 *et seq.*); Bogert and Fink "Business Practice Regarding Warranties in the Sale of Goods" (1930), 25 Ill. L. Rev. 400 (pp. 413 *et seq.*); Kessler "Contracts of Adhesion—Some Thoughts about Freedom of Contract" (1943), 43 Columbia L. Rev. 629, 632; Prosser "The Implied Warranty of Merchantable Quality" (1943), 27 Minn. L. Rev. 117 (at pp. 157 *et seq.*).

115 N. E. 404. The warranty in that case is quite different in its implications from that in the present case and it is susceptible of the interpretation which respondent places on it. However, when the Supreme Judicial Court of Massachusetts was called upon to interpret the same warranty (by a dealer) with which we are concerned, it affirmed the setting aside of a three-thousand-dollar judgment as the result of a fire in the car caused by defective wiring; Chief Justice Wilkins said of the warranty, "this is not the kind of an agreement which commends itself to the sense of justice of the court." *Hall v. Everett Motors, Inc.* (1960), 340 Mass. 430, 165 N. E. (2d) 107.

We cannot, however, rewrite the express warranties here relied upon. We have indicated a willingness to hold dealers or manufacturers responsible for the claims they make in their advertising, which are untrue or misleading and cause damage to purchasers who rely upon them. *Freeman v. The Ric-Wil Co.* (1955), 47 Wn. (2d) 760, 289 P. (2d) 1015; *Dobbin v. Pacific Coast Coal Co.* (1946), 25 Wn. (2d) 190, 170 P. (2d) 642; *Baxter v. Ford Motor Co.* (1932), 168 Wash. 456, 12 P. (2d) 409, 15 P. (2d) 1118, 88 A. L. R. 521. We have also extended beyond the food cases the implied warranties of dealers as to the fitness of the articles sold for the purposes intended. *Ringstad v. I. Magnin & Co.* (1952), 39 Wn. (2d) 923, 239 P. (2d) 848.

It is repetitive, but we desire to expressly limit the extent of this decision by again pointing out that this is not an action on an implied warranty, as was the case in *Henningsen v. Bloomfield Motors, Inc., supra,* and we are not here concerned with the validity of the waiver of implied warranties. This is simply an action on an express warranty with a limited obligation to replace defective parts. Its language is plain; no one claims to have been misled. (Indeed, the purchaser apparently recognized the necessity of insurance to cover the loss which he sustained and for which he was reimbursed by his insurance company, the respondent here.)

Nothing before the court in this case justifies any deviation from the interpretation placed on a practically identical

warranty in *Crandall Engineering Co. v. Winslow Marine R. & Shipbuilding Co., supra.* See, also, *Dimoff v. Ernie Majer, Inc., supra.*

The judgment for damages is reversed, and since neither respondent, nor the insured, has made a claim for a defective starter switch (to which the purchaser was entitled on the breach of warranty), the action by the plaintiff should be dismissed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.